(No. 5050.   April 17, 1929.)

E.   A.   JAMESON,   Respondent,   v.   FRED   L.   DIGGS,
Sheriff of Valley County, Idaho, Appellant.

[276 Pac. 969.]

F. M. Kerby, Wm. M. Morgan and E. B. Smith, for Appellant.

Rex Kimmell, Oppenheim & Lampert, and E. O. Smith, for Respondent.

BRINCK, District Judge.—Plaintiff, E. A. Jameson, in his complaint alleged the wrongful taking by defendant as sheriff of $300 alleged to be the property of plaintiff, and

which the defendant had taken under execution issued against the property of one W. J.. Jameson. The answer alleged the existence of a judgment against W. J. Jameson in behalf of one Kinnard; that W. J. Jameson had made a bill of sale for certain timothy seed to one Patterson as security for certain indebtedness owing Patterson, and that said seed had been sold by Patterson with the consent of W. J. Jameson; that the $300 in question was the balance of the proceeds of such sale over and above the amount due Patterson, and that it had been attached by the defendant under said judgment by garnishment of Lewis and Halferty, the purchasers of the seed. Various other allegations were contained in the answer attacking the good faith of the parties in certain transfers between W. J. Jameson and plaintiff, and attacking an alleged assignment by W. J. Jameson to plaintiff of the fund here involved.

When the case came on for trial, instead of submitting to the court the issues made by the pleadings, the parties entered into a stipulation that the only issue involved and the question to be decided by the court in this case is, Did the bill of sale from W. J. Jameson to Patterson "convey the title to the timothy seed described therein to said E. H. Patterson absolutely, or did said instrument constitute a mortgage upon said timothy seed"? If this stipulation is to be given effect, it must have been intended as authorizing the court to find for the plaintiff if he found that the title was conveyed absolutely by the bill of sale, or for the defendant if he found it constituted a mortgage. No question is made by either party as to any other effect of the stipulation. The court found that the bill of sale was an absolute conveyance of the timothy seed, and conveyed absolute title thereof to said Patterson, entered judgment for plaintiff, and the defendant appeals.

The testimony is not entirely satisfactory, but is entirely sufficient to sustain a finding that an absolute conveyance was intended. *Prima facie* such would be the effect of the bill of sale, and there is evidence that it was given in full satisfaction of the debt owing from W. J. Jameson to

Patterson, in which case it could not be considered as security for the debt because the debt had been extinguished. (*Clinton v. Utah Construction Co.*, 40 Ida. 659, 237 Pac. 427; *Shaner v. Rathdrum State Bank*, 29 Ida. 576, 161 Pac. 90.) Indeed, the evidence would have supported a finding that it was a conveyance in fraud of creditors, if that were in issue; but not being attacked on that ground, it must be considered as a conveyance of absolute title although intended as in fraud of creditors. (27 C. J., p. 653.)

■ Complaint is made that the court's finding of fact is a mere conclusion of law in that it was found that the bill of sale was an absolute conveyance, instead of that it was intended as an absolute conveyance. There being but a single question submitted to the court, and evidence being introduced on that sole issue, and no more specific finding being requested, we think it only a fair inference from the finding that was made to construe it as a finding of fact upon the intent of the parties. Other findings are attacked as without support in the evidence, and it is true they were not supported by the evidence. They had been rendered immaterial, however, by the stipulation, and do not constitute prejudicial error.

The judgment is affirmed, with costs to the respondent.

Givens and Wm. E. Lee, JJ., concur.

Budge, C. J., and T. Bailey Lee, J., did not sit at the hearing, and took no part in the decision.