(No. 7184. June 24, 1944)

EVERETT E. HUNT, Respondent and Cross-Appellant, v. MADILON McDONALD and J. J. McDONALD, wife and husband, and LUDWIG S. MUSSIGBROD and HERMAN S. MUSSIGBROD, as Executors of the Last Will and Testament of Peter S. Mussigbrod, deceased, and as Heirs and Devisees of Peter S. Mussigbrod, deceased, Appellants and Cross-Respondents.

(149 P. (2d) 792.)

Rehearing Denied July 10, 1944

Allen H. Asher and O. J. Bandelin for appellants and cross-respondents.

O. C. Wilson for respondent and cross-appellant.

BUDGE, J.—This is an action to quiet title to real estate hereinafter described. The cause was heard before the court without a jury. From the decree entered both plaintiff and defendants appeal. For brevity, we will refer to the plaintiff as respondent, and to the appearing defendants as appellants.

All the defendants were duly served with summons and defaulted, except the appellants here. Answers were filed by the McDonalds and also by the Mussigbrods. The answer of the latter was, in substance, the same as that of the McDonalds, except in this: "That if, in this cause, it be adjudged that the said defendants, Madilon McDonald and J. J. McDonald are not the owners of and entitled to possession of the real property described in the plaintiff's complaint, then, that they as Executors of the Last Will and Testament of Peter S. Mussigbrod, deceased, the prior record owner, are the owners and entitled to the possession of said real property." The real estate is described in the complaint, as follows:

"Mineral Patent, General Land Office No. 22030, Min-

eral Certificate No. 55 designated by the Surveyor General as Lot No. 37 known as the Pend d'Oreille Placer Mining Claim and embracing a portion of Section three and four (3 & 4), township Fifty-six North, Range One (1) E. B. M.; and a portion of Section Thirty-three and Thirty-four (33 & 34) Township Fifty-seven (57) North, Range One (1) E. B. M., generally known as Warren Island containing 121.68 acres save and except a small tract of land therein containing 6.66 acres and described as follows, to-wit:

"That certain tract of land on the Pend d'Oreille Placer Mining Claim which is Mineral Survey No. 789 in supposed Township Fifty-six (56) North, Range One (1) E. B. M., unsurveyed, and running from said corner No. 1, North 24°09′ East 314.2 feet to U. S. Monument No. 1, thence North 61°36′ West 1000 feet; thence southerly to corner No. 2, of said Pend d'Oreille Placer Claim; thence South 61°36′ East 848.5 feet to point of beginning and containing 6.66 acres more or less."

The 6.66 acres referred to in the foregoing description is known as the Ormiston Tract and is not involved in this litigation, consequently no further reference will be made to it.

■ Coming now to "Tax No. 1" or "Warren Residence," being a small tract of land located in the northwest portion of the Island, and described as follows:

"Beginning at Corner No. 22 of said Pend d'Oreille Place as designated in said United States Patent thereof and running thence South 64°57 East, 301 feet to a rock monument; thence South 25°03′ West 450 feet to a stake marked W, thence West to Corner No. 18 of the exterior boundary of said Pend d'Oreille Placer Mining Claim, thence Northerly and Eastwardly along the exterior boundary of said Pend d'Oreille Placer Mining Claim to the place of beginning, and containing 6.43 acres more or less."

The court found that by mesne conveyances respondent has succeeded to and has become, and now is, the owner of the full title to "Tax No. 1" or "Warren Residence" and quieted his title thereto.

On July 22, 1890, Alex J. Johnston, sometimes known as Alexander J. Johnston, Joseph J. Clark and Amanda E. Clark, his wife, George H. Pease and Mary A. Pease, his

wife, conveyed to Charles L. Warren that part of the Island known as the "Warren Residence" containing 5.88 acres more or less. By the above conveyance to Charles L. Warren, the Warrens being original patentees and owning a two-sevenths interest in the island, there now vested in them complete title and ownership to the 5.88 acres known as "Tax No. 1" or "Warren Residence." By deed Charles S. Warren (referred to in the above deed as Charles L. Warren, being one and the same person as Charles S. Warren) and Mittie A. Warren, his wife, conveyed to Samuel E. Snow (sometimes referred to as S. E. Snow) the 5.88 acres above mentioned, and thereafter and on March 23, 1909, the heirs at law and next of kin of said Snow conveyed all their right, title and interest in the Island to Mittie A. Warren, who, with her husband, Charles S. Warren, conveyed to Katherine Murphey Brown all their right, title and interest in the above described premises. On April 1, 1940, by tax deed, the County Treasurer conveyed to Bonner County "Tax No. 1" or "Warren Residence." On June 22, 1940, Katherine M. Brown and D. M. Brown, her husband, by deed, conveyed their interest in said property to James Campbell. On June 24, 1940, by redemption deed, James Campbell redeemed from Bonner County "Tax No. 1," and on September 10, 1940, James Campbell and Mary J. Campbell, his wife, conveyed said premises to respondent, Everett E. Hunt.

There is substantial competent evidence to sustain the court's finding, conclusion and decree quieting title in respondent to "Tax No. 1" or "Warren Residence."

We have determined, first, that the Ormiston Tract is not involved here, and, second, that respondent, Everett E. Hunt, is the sole owner, in fee, of "Tax No. 1" or "Warren Residence," and the trial court did not err in quieting his title thereto. There still remains 108.59 acres of the Island in which both appellants and respondent claim ownership.

Appellants base their ownership to the Island upon a certain deed dated November 5, 1890, from George H. Pease and Mary A. Pease, his wife, to Joseph K. Clark; and by reason of a warranty deed, dated February 8, 1897, from Joseph K. Clark and Amanda E. Clark, his wife, and Alex J. Johnston to Peter S. Mussigbrod; and by deed, dated May 21, 1921, from Peter S. Mussigbrod, by Ludwig S. Mussigbrod, his attorney-in-fact, to Madilon McDonald.

It will be observed that in all the deeds leading up to

the deed of Peter S. Mussigbrod the lands were not conveyed by legal description, but by recital, substantially to the effect, all right, title and interest in and to Pend d'Oreille Placer Mining Claim, and the deed from Peter S. Mussigbrod to Madilon McDonald recites, in substance, that the grantor, Mussigbrod, conveys to Madilon McDonald all his right, title and interest in and to the above mining claim.

It clearly appears from the record that respondent derived his title from Mittie A. Warren and Charles S. Warren, who conveyed to Mary Warren Murphey all their right, title and interest, the deed bearing date September 16, 1920, and Mary Warren Murphey and John M. Murphey, her husband, by deed dated October 27, 1941, conveyed to respondent Hunt their right, title and interest to the Island.

In other words, there were seven original patentees, who were owners in common. Respondent's title relates back to the right, title and interest of two of the seven original patentees, namely, Charles S. Warren and Mittie A. Warren. It would follow therefore that respondent has an undivided two-sevenths interest in and to the 108.59 acres, which would amount to 31.02-4/7 acres. Appellant, Madilon McDonald's right, title and interest in and to the Island is predicated upon the interest of five of the original patentees, namely, George H. Pease, Mary A. Pease, Joseph K. Clark, Amanda E. Clark and Alex J. Johnston, and she would therefore be entitled to an undivided five-sevenths interest in the 108.59 acres, which would amount to 77.-63-3/7 acres.

The court found that respondent, in *addition* to having succeeded to the full title to said "Tax No. 1" or "Warren Residence" by mesne conveyances, has succeeded to and has become the owner of an undivided 26.43 acres of the remaining portion of said Pend d'Oreille Placer Mining Claim, and two-sevenths of 108.59 acres would be 31.02-4/7 acres, and not 26.43 acres; and that appellant, Madilon McDonald is entitled to an undivided five-sevenths interest in the 108.59 acres, which would be 77.56-3/7 acres, and not 82.16 acres. The court further found that except as to appellant, Madilon McDonald, and respondent, none of the other parties named in and referred to in the action had any right, title, interest, claim or demand upon any part or portion of said Pend d'Oreille Placer Mining Claim.

An examination of the record furnishes sufficient com-

petent and substantial evidence to support the trial court's decree as herein modified.

There is one other point to which reference may be made. It appears from the record that the deed from Peter S. Mussigbrod, by Ludwig S. Mussigbrod, his attorney-in-fact, was executed May 21, 1921; that the same was not recorded until May 11, 1931, and prior to the recording of the Power of Attorney given to Ludwig S. Mussigbrod by Peter S. Mussigbrod, dated September 18, 1913, which was not filed in Bonner County until May 18, 1942. It is the contention of respondent that under the provisions of sec. 54-806, I. C. A., the filing of the deed from Mussigbrod to McDonald prior to the filing of the Power of Attorney rendered the deed inadmissible and void, and that McDonald acquired no title thereby.

The filing and recording of the deed prior to the filing and recording of the Power of Attorney did not necessarily render the deed void as between the parties, in the absence of intervening rights, but as between subsequent purchasers, for value, it did not constitute constructive notice. (*Harris v. Reed*, 21 Ida. 364, 121 P. 780, to the point of constructive notice.) The deed not being entitled to be recorded prior to the recording of the Power of Attorney was, in legal effect, an unrecorded instrument and, except as between the parties, would convey no right, title or interest to the property described in the deed until the same was recorded. However, in this connection it might be pertinent to say that respondent's ownership in the Island is predicated upon the ownership of his predecessors in interest, who owned an undivided two-sevenths of the 108.59 acres. The issue here for determination is respondent's ownership and the extent thereof. Respondent must depend upon the strength of his own title and not the weakness of appellants'. (*Washington State Sugar Co. v. Goodrich*, 27 Ida. 26, 147 P. 1073; *Steinour v. Oakley State Bank*, 45 Ida. 472, 262 P. 1052; *Snell v. Stickler*, 50 Ida. 648, 299 P. 1080; *Federal L. Bank v. Union Cent. L. Ins. Co.*, 51 Ida. 490, 6 P. (2d) 486; *Ind. Placer Min. Co. v. Hellman*, 62 Ida. 180, 109 P. (2d) 1038; *Rexburg L. Co. v. Purrington*, 62 Ida. 461, 113 P. (2d) 511.)

Appellants and respondent are not seeking to establish their ownership by title deraigned from a common source, or from a common grantor. Respondent seeks to establish his title from two of the original patentees, and appellants

seek to establish their title from five of the original patentees. Respondent's ownership would be limited to the ownership of his predecessors in interest. Whether or not appellants have established title in themselves would be immaterial so far as respondent is concerned, since respondent acquired no ownership or interest in the premises from the same source that Mussigbrod acquired his interest.

Other errors are assigned, but in view of the disposition we have made of this case we do not deem it necessary to discuss them.

The decree of the trial court is affirmed, as modified, and it is so ordered. Each of the parties to this action to pay his own costs on appeal.

Holden, C. J., and Ailshie, Givens and Dunlap, JJ., concur.