349 P.2d 550

Kenneth WHITE, Miley Evans, Reese Esgar, C. E. Knowles, Ralph Darling and Radiant Mining Company, Inc., a corporation, Plaintiffs-Respondents,

v.

AMES MINING COMPANY, a corporation, W. C. Ames, W. N. Ames, Clarence Gustave, Jack Holt and Al Bowen, Defendants-Appellants.

No. 8760.

Supreme Court of Idaho.

Feb. 18, 1960.

Marcus & Evans, Boise, Fred H. Snook, Salmon, E. H. Casterlin, Pocatello, for appellants.

Charles Herndon, Salmon, for respondents.

SMITH, Justice.

Respondents brought this action to quiet title to certain unpatented lode mining claims, including Radiant Mines claims Nos. 103 to 108 inclusive, situate on the south side of Salmon River in Section 33, Township 24 North of Range 20 East of the Boise Meridian, in Mineral Hill Mining District in Lemhi County. Radiant Mining Company, Inc., hereinafter referred to as respondent, after commencement of the action, became the assignee of the interests of the other respondents.

Appellant W. C. Ames cross-complained to quiet title to certain unpatented lode mining claims designated Ames Nos. 1 to 9 inclusive, which conflict with respondents' asserted rights to Radiant Mines claims Nos. 103 to 108 inclusive.

The record shows that the land, in and upon which the mining claims are assertedly located, was withdrawn for power site purposes September 28, 1922, by the United States through the Federal Power Commission pursuant to authority of 41 Stat. 1075; 16 U.S.C.A. § 818, and was restored August 11, 1955, to entry for location of mining claims, subject nevertheless to retention by the United States of all power rights to such lands, by Public Law 359, 84th Congress, c. 797, 30 U.S.C.A. § 621 et seq., known as the Mining Claims Rights Restoration Act of 1955.

During 1953 respondents attempted the location of Radiant Mines claims Nos. 103 and 104, and May 4, 1955, attempted the location of Radiant Mines claims Nos. 105 to 108 inclusive. June 30, 1956, respondents

went upon the property and remained there until July 14, 1956, with the exception of July 1, 1956, attempting location of the claims. August 11, 1956, respondents attempted relocation of those claims under P.L. 359, 30 U.S.C.A. § 623, and during December, 1956, filed notice of relocation in the office of the United States Land Office in Boise, the district in which the mineral land is situate.

In May, 1956, appellant W. C. Ames learned that the land was open to mineral location. He went upon the land June 24, 1956, and remained there until 7:00 a. m., of July 2, 1956. According to the location notices filed with the county recorder of Lemhi County, he assertedly discovered Ames 2, later designated as Ames 1, and Dan 5, 6 and 7, later called Ames 5, 6 and 7, on July 1, 1956; discovered Ames 2, 3 and 4 on July 2, 1956; discovered Dan 8, later called Ames 8, on September 4, 1956; and Dan 9, later called Ames 9, on August 20, 1956.

Although both parties were on the claims at the same time on occasions, the record indicates that they did not physically see each other. The record does reveal that each party gave constructive notice to the other by certain warning signs erected and tools which each left on the premises. Appellant W. C. Ames testified that at the time of location, he did not see the stakes and notices of respondent, even though the

referred to claims of both parties were superimposed.

The cause was tried before the court sitting without a jury. The court found in favor of respondent, *inter alia,* that respondent had been in constructive possession of the claims continuously from the date of location in 1953 and 1955 respectively; that on June 30, 1956, respondent's representatives went into actual possession of the claims and remained thereon until July 14, 1956, with the exception of July 1, 1956; also, that respondent had performed the proper discovery and location work, and that appellant W. C. Ames had actual notice commencing July 1, 1956, of respondent's possession and constructive notice thereof from the records of the county recorder's office and from workings on the ground, stakes, tools and supplies which respondent's representatives left at the site.

The trial court further found that appellant Ames did not dig any discovery pit on any of the Ames's claims; that most of the stakes he erected did not comply with the law; that the original notices were defective in that appellant did not properly post them and did not describe the boundaries of the claims with sufficient clarity to give notice of what he purported to claim, and that he had attempted to "jump" the claims of respondent.

The district court entered judgment quieting title in Radiant Mining Company, Inc., to the mining claims, from which judgment Ames Mining Company, W. C. Ames and W. N. Ames, hereinafter referred to as the appellant, perfected an appeal.

Appellant assigns as error the trial court's finding that respondent was in constructive possession continuously from the dates of its alleged locations in 1953 and 1955, of Radiant Mines claims Nos. 103 to 108 inclusive. This assignment requires determination of the issue whether respondent could be in constructive possession of those mining claims from the dates of alleged locations in 1953 and 1955, when the land constituting those claims was not subject to mineral location because of governmental withdrawal from mineral entry and reserved for power site purposes.

Section 24 of the Federal Power Act, 16 U.S.C.A. § 818, reads:

"Any lands of the United States included in any proposed project under the provisions of this chapter shall from the date of filing of application therefor be reserved from entry, location, or other disposal under the laws of the United States until otherwise directed by the [Federal Power] commission or by Congress."

Under the provisions of the Federal Power Act, and particularly the quoted portion thereof, any attempted location of unpatented mining claims in and upon public land reserved from location is void. Minner v. Sadler, 59 Cal.App.2d, 590, 139 P.2d 356.

In State v. Tracy, 76 Ariz. 7, 257 P.2d 860, 862, in respect to attempted locations of mining claims on an Indian Reservation, the Court ruled:

"* * * A mining claim to be valid must be filed upon public land open and subject to entry at the time the location is made. * * * Belk v. Meagher, 104 U.S. 279, 26 L.Ed. 735; McKenzie v. Moore, 20 Ariz. 1, 176 P. 568. Lindley on Mines, 3rd edition, §§ 183, 184, et seq., makes it clear that a valid claim to mineral land could not be initiated on an Indian Reservation as 'The lands embraced therein are no longer public lands'."

And in respect to attempted mineral locations on school lands, the Court said:

"* * * This school section * * became the property of the State of Arizona * * *. It is evident, and we so hold, that these claims are void and of no effect as the lands were not then subject to location as a part of the public domain of the United States."

See also Halmadge v. Village of Riggins, 78 Idaho 328, 303 P.2d 244; Kendall v. San Juan Silver Min. Co., 9 Colo. 349, 12 P. 198, affirmed 144 U.S. 658, 12 S.Ct. 779, 36 L.Ed. 583; Gibson v. Anderson, 9 Cir.,

131 F. 39; Jose v. Houck, 9 Cir., 171 F.2d 211; Mandel v. Great Lakes Oil & Chemical Co., 150 Cal.App.2d 621, 310 P.2d 498; 36 Am.Jur., Mines and Minerals, § 15, p. 291.

It is thus clear that respondent cannot assert a valid right to the so-called Radiant Mines claims Nos. 103 to 108 inclusive under its attempted original locations during 1953 and 1955, simply because the United States had withdrawn from entry or location the embraced land. The claims being void, respondent cannot assert either constructive or actual possession thereof based upon the attempted original locations.

Respondent asserts that Public Law 359, 84th Congress, c. 797, 30 U.S.C.A. § 621 et seq., "recognizes the existence of claims within the withdrawal areas, and allows filing in the land office to establish a claim," and that therefore Radiant Mines claims involved in this proceeding are not void.

Respondent relies on the provision of P. L. 359, § 4, 30 U.S.C.A. § 623, effective August 11, 1955, which provides that the owner of any unpatented mining claim referred to in P.L. 359, § 2, 30 U.S.C.A. § 621, *shall file* for record in the office of the land district in which the claim is situate, "within *one year* after August 11, 1955, as to any or all locations heretofore made, **or** within *sixty days* of location as to locations hereafter made, a copy of the notice of location of the claim." (Emphasis supplied.)

Code of Federal Regulations, Title 43, c. I, sub-c. 1, part 185, General Mining Regulations, relating to Public Lands, Bureau of Land Management, Department of the Interior, (published in 23 Federal Register, July 17, 1958), is intended to interpret and aid in executing P.L. 359, § 4, 30 U.S.C.A. § 623. Sec. 185.183 (b) of those Regulations contains provisions which we must consider here:

That Sec. 4 of the Act—P.L. 359—in its application to unpatented locations of land referred to in § 2 of the Act, being 30 U.S.C.A. § 621, applies to unpatented locations only if:

"(1) The location was made on or after August 11, 1955, or

"(2) The location was made prior to August 11, 1955, and prior to withdrawal or reservation of the lands for power purposes [prior to September 28, 1922, in this case], or

"(3) [not applicable herein.]"

Sec. 185.183(c) of those Regulations provides that the owner of any unpatented location coming under the above Sec. 185.183 (b) (1), "within *sixty days* from the date of location *shall file* in the United States land office for the district in which the lands lie, a copy of the notice or certificate of location" (emphasis supplied); also

further provides that the owner of any unpatented location coming under the above Sec. 185.183(b) (2), *"before August 11, 1956,* shall have filed in the United' States land office for the district in which the land lies, a copy of the notice or certificate of location."  (Emphasis supplied.)

█  Those regulations, when not repugnant to the acts of Congress, have the force and effect of laws, and courts take judicial notice of them.  Caha v. United States, 152 U.S. 211, 221, 14 S.Ct. 513, 38 L.Ed. 415; Cosmos Exploration Co. v. Gray Eagle Oil Co., 190 U.S. 301, 23 S.Ct. 692, 47 L. Ed. 1064; Alford v. Hesse, 100 Cal.App. 66, 279 P. 831; Standard Oil Co. of California v. United States, 9 Cir., 107 F.2d 402, certiorari denied 309 U.S. 654, 60 S. Ct. 469, 84 L.Ed. 1003, certiorari denied 309 U.S. 673, 60 S.Ct. 715, 84 L.Ed. 1019.  See also 44 U.S.C.A. § 307; Brooks v. City of Seattle, 193 Wash. 253, 74 P.2d 1008; Frazier v. State, Okl.Cr., 267 P.2d 155.  Cf. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10, 175 A.L.R. 1075; In re Chase's Estate (Chase v. Reid), 82 Idaho 1, 348 P.2d 473.

Admittedly, respondent did not locate any Radiant Mines claims prior to September 28, 1922, when the mineral land was withdrawn from entry; nor was respondent in process of perfecting any location

at such time; therefore respondent cannot invoke the protection of P.L. 359, or of Sec. 185.183(b) of the aforesaid General Mining Regulations.

After the land was reopened for entry the facts show that appellant Ames went upon the land June 24, 1956, for the purpose of locating the Ames mining claims, prior to the time respondents entered upon the land June 30, 1956.

█  I.C. § 47–603 protected appellant for a period of 60 days after location of each claim within which to perform the required discovery work, by sinking a shaft upon the discovered vein or lode "to the depth of at least ten feet from the lowest part of the rim of such shaft at the surface, and of not less than sixteen square feet area.  *  *  *  which shall measure 160 cubic feet in extent," or, under the provisions of § 47–603A, by making an open cut to expose the vein "ten feet in length with a face ten feet in height," or by constructing a tunnel on the vein "ten feet in length which shall cut the vein ten feet below the surface measured from the bottom of such tunnel."  During the 60-day period, appellant had segregated from the public domain the mineral land which he sought to locate, pending performance of his discovery work.  It was during the forepart of such period of time, i. e., June 30 to July 14, 1956, excepting July 1, 1956,

that respondents attempted the location of the Radiant Mines claims, at a time when the mineral land was not open to location by them because of appellant's prior segregation and possession thereof. We have recognized this rule in Independence Placer Mining Co. v. Hellman, 62 Idaho 180, 189–190, 109 P.2d 1038, 1041–1042, as follows:

"It seems clear, from all the testimony in the case, that the Hellmans were in possession of, and did the work on, this property in 1925 and had done so continuously for more than ten years previous thereto; and that, at the time of the location of the Rags and Patshes Claims, the ground was not open to location. It has been the settled rule of law, with few exceptions, ever since the decision of the case of Belk v. Meagher, 104 U.S. 279, 26 L.Ed. 735, that no valid location or relocation can be made on a mining claim until the rights of the former locator have been finally forfeited or abandoned; and *that an attempted location, made while previous location or segregation of the ground is still in force, is absolutely void.* Ambergris Mining Co. v. Day, 12 Idaho 108, 121, 85 P. 109; Swanson v. Kettler, 17 Idaho 321, 331, 105 P. 1059, affirmed in Swanson v. Sears, 224 U.S. 180, 32 S.Ct. 455, 56 L.Ed. 721; Alaska Consol. Oil Fields v. Rains, 9 Cir., 54 F.2d 868, 870; see, also, 68 L.R.A. 836, note c; Bergquist v. West Virginia-Wyoming Copper Co., 18 Wyo. 234, 106 P. 673, 683; Johnson v. Ryan, 43 N.M. 127, 86 P.2d 1040, 1046; 1 Lindley on Mines, 3d Ed., § 273; Morrison's Min. Rights, 16th Ed., pp. 40, 144; American Min. Law (Bulletin No. 98,) §§ 746, 806. (Emphasis supplied.)

"One who has actual notice, that a prior locator is claiming a tract of mining ground and has done location work thereon and continued to do prospecting and assessment work on the property, is not in a position to make a valid location on such property. In such case he has notice that the ground is claimed by another and that so much of it as is claimed and occupied is no longer public domain subject to location; and he may not question the sufficiency of the original location or the character of the original occupant's title. Bismark Mountain Gold Mining Co. v. North Sunbeam Gold Co., 14 Idaho 516, 95 P. 14; Flynn Group Mining Co. v. Murphy, 18 Idaho 266, 279, 109 P. 851, 138 Am.St.Rep. 201; Ninemire v. Nelson, 140 Wash. 511, 249 P. 990."

We therefore hold that respondent's attempted location of Radiant Mines claims

Nos. 103 to 108 inclusive is invalid since made during the statutory period of 60 days during which time appellant had segregated the mineral lands from the public domain and during which time appellant was entitled to possession pending performance and completion of the discovery work on the Ames claims.

Next, we shall consider appellant's assignment that the trial court erred in adjudging that appellant was without right, title or interest in and to Ames Mining claims Nos. 1 to 9 inclusive, and in refusing to quiet the title to those claims in appellant.

The district court's finding No. VII sets out the crucial facts on which judgment was resolved against appellant; such finding in part reads:

"That the Defendant, W. C. Ames, attempted to locate claims, herein designated as the Ames Nos. 1 to 9, inclusive, * * *; that the Defendant, W. C. Ames, did not dig any discovery pit on any of the Ames claims; that most of the stakes he erected did not comply with the law; that his original notices were defective in that they were not properly posted and did not describe the boundaries of the claims with sufficient clarity to give notice of what he purported to claim; * * * that the Defendant, W. C. Ames, made

no valid locations with Ames Nos. 1–9, inclusive, * * *."

Appellant's assignment questions the sufficiency of the evidence to support the material, ultimate facts stated in this finding. A review of the evidence shows it to be sufficient to support the facts set forth in this finding. The crucial defect, however, invalidating the Ames claims constituted the lack of performance of the requisite location or discovery work by making cuts, constructing tunnels, or sinking or excavating shafts. I.C. §§ 47–603 or 47–603A. The statute, I.C. § 47–603, reads as follows:

"Within sixty days after such location, the locator or his assigns must sink a shaft upon the lode to the depth of at least ten feet from the lowest part of the rim of such shaft at the surface, and of not less than sixteen square feet area. Any excavation which shall cut such vein ten feet from the lowest part of the rim of such shaft and which shall measure 160 cubic feet in extent shall be considered a compliance with this provision. * * *."

And under I.C. § 47–603A the locator may make an open cut exposing the vein, ten feet in length with a face ten feet in height, or may construct a tunnel on the vein ten feet in length which shall cut the vein ten

feet below the surface measured from the bottom of the tunnel.

■ We recognize that the statutory requirements relating to mining locations are to be liberally construed, and that only when the locator fails to comply substantially with the law must his mining locations be held invalid; however, failure to perform the statutorily required discovery work will not constitute substantial compliance. In Hedrick v. Lee, 39 Idaho 42, 227 P. 27, 28, these rules are stated:

"This doctrine [of substantial compliance] holds good in a case where a locator has satisfied the intent of the statutes by substantial compliance with them, though he has failed in some minor or technical detail. We are not willing, however, to extend this doctrine to hold that one can make a valid location without substantially complying with the requirements of the statute in regard to discovery work. The purposes of this statute are to exact good faith, * * *. To hold that a substantial compliance is not required would be to utterly defeat these purposes without any compensating benefit or advantage. * * * The question is not whether a locator should forfeit a valid right which he has acquired, but whether he has acquired any right. We therefore conclude that to make a valid location one must substantially comply with the provisions of the above statute as to discovery work."

The trial court correctly refused to apply the doctrine of substantial compliance; for the evidence before us, though conflicting in instances, is sufficient to sustain the trial court's finding that appellant did not perform the requisite discovery work on any Ames claim, as required by I.C. §§ 47–603 or 47–603A. The trial court having found on this issue on substantial though conflicting evidence, such finding will not be disturbed on appeal. I.C. § 13–219; Law v. Fowler, 45 Idaho 1, 261 P. 667; Land Development Corporation v. Cannaday, 77 Idaho 237, 290 P.2d 1087; Summers v. Martin, 77 Idaho 469, 295 P. 2d 265; Nordick v. Sorensen, 81 Idaho 117, 338 P.2d 766.

We have examined the record as it relates to the attempted relocations by each party of the mining claims. We are constrained to hold that those relocations are likewise invalid since they relate back to the attempted original locations which we have hereinbefore held to be invalid as to both the parties.

■ We again point out that each party, one as plaintiff and the other as cross-plaintiff, seeks to quiet title against the other, to asserted locations of mineral land which

both parties claim. The rule therefore applies to each party, that a plaintiff in an action to quiet title must succeed on the strength of his own title, and not on the weakness of that of his adversary. Washington State Sugar Co. v. Goodrich, 27 Idaho 26, 147 P. 1073; Snell v. Stickler, 50 Idaho 648, 299 P. 1080; Independence Placer Mining Co. v. Hellman, 62 Idaho 180, 109 P.2d 1038; Rexburg Lumber Co. v. Purrington, 62 Idaho 461, 113 P.2d 511; Gerber v. Wheeler, 62 Idaho 673, 115 P.2d 100; Stickel v. Carter, 63 Idaho 78, 117 P.2d 477; Hunt v. McDonald, 65 Idaho 610, 149 P.2d 792; Reynolds Irrigation Dist. v. Sproat, 70 Idaho 217, 214 P.2d 880.

The trial court correctly adjudged that appellant is not entitled to a decree quieting title to Ames Mining claims Nos. 1 to 9 inclusive.

The judgment quieting title in respondent to Radiant Mines claims Nos. 103 to 108 inclusive is reversed and the cause remanded with instruction to enter judgment accordingly.

No costs allowed.

TAYLOR, C. J., and KNUDSON and McQUADE, JJ., concur.

PORTER, C. J., did not participate.