Argued May 3, affirmed May 25, 1960

# BROWN *v.* MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION

## 352 P. 2d 748

*Curtis W. Cutsforth,* Portland, argued the cause for appellant. With him on the briefs were King, Miller, Anderson, Nash & Yerke and Richard C. Helgeson, Portland.

*Irving Rand,* Portland, and *Leonard Waterman,* Burns, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Warner, Perry, Sloan, O'Connell, Goodwin and Millard, Justices.

WARNER, J.

This is an appeal in an action at law to recover a death benefit alleged to be due under an insurance policy issued by the defendant company to plaintiff's intestate. From a judgment in favor of plaintiff, the company appeals.

■ The relevant facts were stipulated. The sole question presented arises from the construction to be given to that portion of the policy reading:

"PART C. ANNUAL INCREASE ONE HUNDRED FIFTY DOLLARS PER YEAR

"After the first year's premium has been paid, each year's renewal premium paid in advance on this policy shall add One Hundred Fifty Dollars to the death benefit until the same amounts to Three Thousand ($3,000.00) Dollars."

The face of the policy provided for payment of $1,500, but if payments of premiums were made as stated in Part C, then the death benefit would amount to $3,000.

The stipulation recites that in at least ten of the policy years subsequent to its issuance, all four quarterly payments were made and accepted by the defendant company on or before the respective quarterly due dates.

The company contends that the foregoing provision of the policy requires that the entire year's premium must be paid in advance of the beginning premium year before the annual increase takes effect, whereas, plain-

tiff's position is that the condition is satisfied by the payment of premiums quarterly, in advance.

The precise question has never before been raised in this court. It has, however, received consideration in other jurisdictions where cases involving the same defendant as here required an interpretation of defendant's policies embodying the identical or substantially similar provisions as found in the policy in the case at bar. The authorities marshaled by the parties and to which we will refer are not in accord and reach conclusions diametrically opposed. We are, therefore, put to a choice between them.

Counsel for appellant relies primarily upon *Hobbs v. Mutual Benefit Health & Accident Assoc.*, 186 F2d 321 (8th Cir 1951), which reversed a judgment plaintiff obtained in the District Court (90 F Sup 311 (WD Mo 1951), and *Sullivan v. Mutual Benefit Health & Accident Assoc.* (DC Minn 1950), an unreported civil case, No. 834, also *Mutual Benefit Health & Accident Assoc. v. Brandhorst* (Tex Civ Ap 1954), 267 SW2d 563.

The contrary viewpoint finds expression in the following cases urged upon us by plaintiff: *Thomas v. Mutual Benefit Health & Accident Assoc.* (SD NY 1954), 123 F Sup 167, aff'd 220 F2d 17 (2nd Cir 1955); and *Alvis v. Mutual Benefit Health & Accident Assoc.*, 201 Tenn 198, 297 SW2d 643 (1956), wherein the court followed the Thomas case.

The court in the Thomas case, supra, had before it and reviewed the three cases above cited to us by appellant before coming to its conclusion. We are more persuaded by the reasoning of Judge Dawson in the Thomas case than that demonstrated in Hobbs, supra, and find its analysis and the rules of construction there

embodied more consonant with our own, as revealed in our previous cases construing insurance policies.

■ We, therefore, affirm the judgment of the trial court and under the authority of ORS 736.325 allow plaintiff the further sum of $400 as attorneys' fees for services of counsel in this court.