353 P.2d 401

John C. NELSON, Plaintiff-Respondent,

v.

Glen ENDERS, Defendant-Appellant,

and

F. M. Bistline, Henry Parker, W. P. McLel-
land, and others sued herein as John Doe
and Jack Roe, Fred Tripp, and the United
States of America, and unknown owners of
the following described property, to-wit:
I—1955 Low Boy MM trailer, Serial L.
5551–M25, I—1953 D8 Caterpillar Trac-
tor, serial number 2U 11540 SP, I—1949
Kenworth, serial number 48505, motor
number 107316, described by F. M. Bist-
line as serial number 58604 and by a plate
on the said property as serial number
59605, the same being correctly identified
by the motor number 107316, Defendants.

No. 8818.

Supreme Court of Idaho.

June 21, 1960.

Gus Carr Anderson, Pocatello, Robert M. Kerr, Jr., Blackfoot, for appellant.

Johnson & Olson, Pocatello, for respondent.

SMITH, Justice.

Plaintiff-respondent instituted this action for the purpose of determining the ownership of three pieces of heavy construction equipment, i.e., a 1955 Low Boy MM trailer, a 1953 D8 Caterpillar tractor, and a 1949 Kenworth truck tractor.

Only the defendant-appellant Glen Enders appeared in the action by his answer and counterclaim. The remaining defendants not having appeared, their defaults were entered.

The court, after trial without a jury, entered findings of facts and conclusions of law, followed by judgment in respondent's favor. The judgment awarded respondent, as owner, the equipment free and clear of liens, and denied to appellant any relief. Appellant appealed from the judgment.

We shall briefly summarize the facts and circumstances relating to the action.

During early October, 1958, defendant McLelland, as owner, agreed to sell three pieces of equipment, involved in this action, to respondent, who dealt generally in used cars and trailers in Salt Lake City, Utah. Respondent, prior to purchase, had the equipment examined by a heavy equipment dealer, who placed its value from a buyer's standpoint at $9,000. October 10, 1958, upon consummation of the transaction, respondent paid to McLelland and for his use the $9,000 alleged purchase price of the equipment, which sum was used to pay a lien on the caterpillar, a lien on the Kenworth truck tractor, and a small balance owing on a lease, McLelland receiving the balance in cash.

In consummation of the transaction defendant McLelland executed and delivered to respondent a bill of sale to each piece of equipment, warranting it to be free and clear of liens, and delivered to respondent a Wyoming certificate of title to the Kenworth truck tractor, and one to the Low Boy trailer.

Respondent, because of his inexperience with heavy equipment, expressed apprehension about the deal; thereupon McLelland suggested that he be given an option to purchase the equipment. Later on October 10, 1958, respondent executed and delivered such an instrument in writing, hereinafter sometimes referred to as the McLelland option, granting to McLelland an option to purchase the equipment for the sum of $10,000, the option to be exercised on or before January 10, 1959. Respondent thereupon took possession of the machines, storing them on his property in Salt Lake City.

December 11, 1958, defendant McLelland entered into a conditional sale and purchase agreement with appellant Enders, covering the three pieces of equipment involved in this action, and three additional machines, i.e., a D8 caterpillar straight blade bulldozer, No. 2U 9601; a 1957 International 4-wheel drive 3/4 ton pickup, and a 1957 Chevrolet 1/2 ton pickup truck. The same day, December 11, 1958, McLelland executed a bill of sale reciting that in consideration of $1,000 and other valuable considerations, paid to him, he had sold and transferred over to appellant the three machines involved herein; also two additional machines, i.e., a D8 caterpillar straight blade bulldozer No. 2U 9601, and one Woolridge T.C.R. 15 yard capacity pull type scraper.

Thereafter during December appellant caused the equipment to be moved to Pocatello, Idaho, unbeknown to respondent who, about January 6, 1959, after considerable investigation, ascertained its whereabouts and of the dealings had regarding it between defendent McLelland and appellant. On that date, January 6, 1959, appellant indicated that he desired to exercise the McLelland option to purchase and desired de-

livery of the titles upon exercise of the option. Respondent thereupon agreed to leave the equipment in Pocatello, in view of the outstanding options and appellant's interest in the transaction.

January 10, 1959, respondent and appellant met at the office of a bank official, at which time appellant requested ten days' time beyond January 10, 1959, within which to exercise the McLelland option, which respondent granted. The two men placed in escrow with the bank official the requisite documents relating to the equipment transaction including certificates of title; also, respondent executed and delivered to appellant an extension to January 20, 1959, of the McLelland option, in consideration of the additional sum of $1,050, bringing the total purchase price to $11,050, to be paid.

On January 21st, appellant not having exercised the option, the escrow holder returned to respondent his instruments previously escrowed. On that date, January 21st, respondent learned that defendant F. M. Bistline claimed a lien on the three pieces of equipment involved herein and additional equipment. This was by reason of a promissory note for $5,235, made payable to defendant Bistline, secured by a chattel mortgage encumbering such equipment which defendant McLelland had executed and delivered to Mr. Bistline October 24, 1958.

Defendant Bistline commenced proceedings, during the latter part of January, 1959, to foreclose the chattel mortgage, in which proceeding, on January 30th, respondent interposed a third party claim, (I.C. § 11–203), to the three machines involved in this action. Foreclosure sale of the equipment, noticed to be held February 5th, was not consummated because appellant paid the mortgage debt from $5,500, proceeds received from the sale of a D8 caterpillar tractor, not involved in this proceeding, encumbered by the Bistline mortgage; both appellant and defendant McLelland executed the bill of sale for this machine, delivered to the purchaser.

The United States, February 5, 1959, claimed a lien on the equipment involved herein because of defendant McLelland's nonpayment of certain of his federal income tax, which together with penalty and interest amounted to $2,182.38.

The foregoing related proceedings and transactions precipitated the commencement of this action, by respondent filing his complaint February 6, 1959, seeking to determine the ownership to the three pieces of equipment and to quiet title thereto in himself.

Appellant testified that he paid the delinquent federal tax on behalf of defendant McLelland on February 10, 1959, and the government receipts and release of levy on the equipment are so dated.

Appellant by his assignments of error contends that the transaction of October

**290**

10, 1958, between respondent and defendant McLelland (appellant's assignor), relative to the three pieces of equipment, covered by the McLelland option, was a security transaction, and that the trial court erred in holding that it was one of sale and purchase.

Appellant in seeking to uphold such contention urges disparity between the value of the equipment, from $18,000 or thereabout, which he claims to have been its value, and $9,000, respondent's alleged purchase price therefor. Suffice it to say that the record is conflicting concerning the value of the equipment. The record shows, however, that respondent protected himself from the standpoint of a buyer in a buyer's market, in dealing for the equipment, by having a dealer in heavy construction equipment examine the three machines; the dealer placed a value of $9,000 in a buyer's market, which respondent paid therefor to and for the use and benefit of defendant McLelland.

When questioned on cross-examination regarding the transaction, respondent testified:

"Q. So this transaction was purely an investment transaction on your part? A. It was purely an outright purchase."

Noteworthy, defendant McLelland, with whom respondent consummated the transaction, did not testify herein; although subpoenaed by respondent to appear as a witness he failed to do so.

Appellant Enders is in no position to dispute the approximate value placed on the three pieces of construction equipment, in view of the conditional purchase agreement of December 11, 1958, whereby he agreed to pay defendant McLelland $10,000 therefor, and for three additional pieces of equipment not involved in this action.

The trial court found, in the light of conflicting evidence, that the transaction between respondent Nelson and defendant McLelland was not a security transaction but one of sale and purchase; that respondent contracted to and did purchase the equipment from McLelland. There is no merit in appellant's assignments that the trial court erred in so holding.

Appellant by his assignments next raises the question whether defendant McLelland or his assignee, appellant, exercised the McLelland option to purchase, or repurchase, the equipment from respondent, as concluded by the trial court.

The facts are not in dispute that neither defendant McLelland nor appellant exercised the original McLelland option by January 10, 1959, nor at any time during the next ten day period of extention thereof which respondent granted at appellant's request, nor up to the time on January

21, 1959, when the escrow holder returned to respondent his escrowed instruments which were to have been delivered to the purchasers had they exercised the McLelland option.

The trial court correctly concluded that McLelland did not, nor did his assignee, appellant, exercise the McLelland option.

Appellant, by his assignments, next contends that the trial court erred in failing to recognize liens on the equipment in favor of appellant by reason of appellant's alleged payment of the debt of defendant McLelland to defendant Bistline, secured by mortgage on construction machinery which included the three pieces of equipment involved in this action, and by payment of McLelland's delinquent federal tax which the Government had sought to secure by its February 6, 1959, levy on the three pieces of equipment involved therein.

The evidence shows without dispute that in the October 10, 1958, bills of sale to the three pieces of equipment which respondent obtained from defendant McLelland, that McLelland warranted the title to each machine to be free and clear of all liens. This was upon respondent's payment of the $9,000 purchase price to and for the use of McLelland, including payment of amounts owing to two banks to the end that a lien on the caterpillar tractor and a lien on the Kenworth truck trailer be released.

Moreover, appellant admitted that he was financing McLelland by cash payments to him and payment of his debts to the extent of $15,000. Payment of the Bistline mortgage was accomplished from the proceeds of the sale of a piece of equipment not involved in this proceeding in which defendant McLelland had an interest, and payment of McLelland's delinquent federal tax was admittedly paid by appellant as a part of his financing McLelland to the amount of $15,000. Those two transactions released the three machines from liens to which they had become subjected at the instance of McLelland. The removal of those liens merely fulfilled the condition of each bill of sale which defendant McLelland had executed and delivered October 10, 1958, to respondent, that McLelland, the owner, warranted each piece of equipment to be free and clear of all liens. The trial court therefore properly found and ruled that respondent was the owner and title holder of the three pieces of equipment free and clear of any lien or claim or interest of appellant or of the defendants therein. Appellant's assignment of error in the premises is without merit.

The record herein shows that appellant, in his dealings with defendant McLelland, knew of the nature of respondent's interest in, and foundation of his title to, the three machines involved herein; and appellant acknowledged that interest to be superior to his own which he acquired from

defendant McLelland. This is strikingly shown by an instrument dated December 11, 1958, executed by defendant McLelland and appellant Enders, which they entitled "Exercise of Option To Repurchase Agreement;" by this instrument McLelland agreed to transfer his option from respondent Nelson to repurchase the three machines involved herein, to appellant Enders in consideration of the sum of $10,300 to be paid by appellant to respondent. This instrument, admitted in evidence, is undisputed and is sufficient in itself to sustain the finding of the trial court that appellant had full notice of the interest of respondent in the three pieces of equipment.

■ In this action each party, one as plaintiff, the respondent, and the other as defendant and cross plaintiff, the appellant, sought to quiet title against the other to the three pieces of heavy construction equipment which both parties claim; and in the action respondent has demonstrated the strength of soundness of his title thereto to the satisfaction of the trier of the facts as against the weaknesses thereof asserted by appellant. The rule therefore applies, that each party, seeking to quiet title against the other, must succeed on the strength of his own title, and not on the weakness of that of his adversary. Washington State Sugar Co. v. Goodrich, 27 Idaho 26, 147 P. 1073; Snell v. Stickler,

50 Idaho 648, 299 P. 1080; Independence Placer Mining Co. v. Hellman, 62 Idaho 180, 109 P.2d 1038; Rexburg Lumber Co. v. Purrington, 62 Idaho 461, 113 P.2d 511; Gerber v. Wheeler, 62 Idaho 673, 115 P.2d 100; Stickel v. Carter, 63 Idaho 78, 117 P.2d 477; Hunt v. McDonald, 65 Idaho 610, 149 P.2d 792; Reynolds Irrigation Dist. v. Sproat, 70 Idaho 217, 214 P.2d 880; White v. Ames Mining Co., 82 Idaho 71, 349 P.2d 550.

■ A bill of sale executed in due form and delivered, as in the case here, is sufficient to sustain a finding of the trier of the facts that an absolute conveyance was intended. Bills of sale are prima facie evidence that an absolute conveyance is intended, and possession is evidence of ownership as well as entitling the party in possession to the further presumption that he is rightfully in possession. Jameson v. Diggs, 47 Idaho 478, 276 P. 969; Swanstrom v. Bell, 67 Idaho 554, 186 P.2d 876; State v. Snyder, 71 Idaho 454, 233 P.2d 802, 33 A.L.R.2d 358; Annotation 33 A.L.R.2d 364.

■ The trial court having found on the issues on substantial, though conflicting evidence, such findings will not be disturbed on appeal. I.C. § 13–219; Land Development Corporation v. Cannaday, 77 Idaho 237, 290 P.2d 1087; Summers v. Martin, 77 Idaho 469, 295 P.2d 265; Nordick v.

Sorensen, 81 Idaho 117, 338 P.2d 766; White v. Ames Mining Co., 82 Idaho 71, 349 P.2d 550.

We deem it unnecessary to dispose of appellant's remaining specifications of error.

The judgment of the trial court is affirmed.   Costs to respondent.

TAYLOR, C. J., and KNUDSON, Mc-QUADE and McFADDEN, JJ., concur.