364 P.2d 883

Joyce MOLSTEAD, Plaintiff-Respondent,

v.

RELIANCE NATIONAL LIFE INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 8964.

Supreme Court of Idaho.

Sept. 12, 1961.

C. J. Hamilton, Coeur d'Alene, James L. Barker, Jr., Salt Lake City, Utah, for appellant.

Thomas A. Mitchell, Coeur d'Alene, for respondent.

SMITH, Justice.

Respondent brought this action for recovery under two insurance policies which appellant issued to her as of April 10, 1957, covering hospital and surgical expenses in the event of accident or illness. She sought to recover expenses, allegedly covered by the policies, of $473.23 incurred in obtaining treatment for a broken hip which she accidently sustained September 15, 1958, and attorney's fee under I.C. § 41–1403.

Appellant in its answer admitted that respondent sustained personal injury, but denied its liability in the premises; it affirmatively alleged that respondent in applying for the insurance materially and falsely represented that she was free from any physical defect and "completely corrected" from an attack of polio which she suffered during 1952; that had appellant known that respondent could not walk without using a brace, appellant would not have issued the policies; and that the false representations vitiated the policies.

Trial before the court without a jury resulted in judgment for respondent. Appellant appealed from the judgment. Thereafter, upon respondent's motion, the trial court entered an order requiring appellant to pay $300 attorney's fee to respondent, should she prevail upon the appeal. Appellant also appealed from that order.

Appellant, in asserting error committed by the trial court in finding for respondent, maintains that the policies are voidable because respondent knowingly made material false representations in her applications therefor. Appellant's assignments of error require a review of the evidence, in order to ascertain its sufficiency to sustain the trial court's findings and judgment.

During 1952, respondent suffered an attack of polio which left her with a residual disability; she used a brace and crutches to walk. On April 2, 1957, two of appellant's agents, Mr. Halonen as appellant's regional supervisor, with ten years' insurance experience, and Mr. Vens, as a soliciting agent under Halonen's supervision, solicited respondent for the insurance. At that time both respondent and her mother advised the agents concerning the polio which had left respondent with the residual disability. Nevertheless, at the solicitations of the agents, respondent applied for the two policies on forms of application furnished. Each agent participated in filling in an application.

Question No. 6 in both applications reads:

"Are you and all other members of the Family Group to be insured now in good health and free from any physical or mental defect?"

to which the answer appears, "Yes."

Question No. 9 reads:

"Have you, or any member of the Family Group to be insured, received medical or surgical advice or treatment within the past three years? .........
If answer is 'yes,' give details below: "

Below the question appears the information that in "1952" respondent suffered "polio"; that she had been treated by "Dr. Wood", and that she was "completely corrected."

Question No. 11 reads:

"Do you authorize any physician or hospital to furnish the company with your complete medical history?"

To which the answer appears, "Yes."

Respondent's testimony relating to Question No. 9 appears:

"Q. Examine the application and state whether or not there are any entries or alterations on that application which were made after you signed the application. A. My weight has been changed from 114 to 124 and the terms 'completely corrected' down in Number 9 has been added."

Respondent testified that when she received the policies some two or three weeks after the initial solicitation, she noticed that those changes had been made in the application form attached to each policy.

In brief summary the evidence is in dispute as to whether respondent was in the living room of her home at the time the agents Vens and Halonen arrived, or whether after their arrival she came into the room using her crutches and brace; also, as to whether the agents saw her using crutches, and saw the brace; also as to whether the agents filled in the answers to Questions Nos. 6 and 9 in respondent's presence, or at a later date.

The evidence is undisputed regarding the fact that appellant's agents were advised of respondent's 1952 attack of polio; also that

respondent furnished the name of an attending physician in Coeur d'Alene who had treated her; nor did the agents deny that respondent furnished to them the names and residences of five other attending physicians; nor did they deny having informed respondent that appellant had insured a man who used a wheelchair, who appeared in worse physical condition than respondent.

The evidence does not appear to be in dispute on the point that appellant's agents indicated that they would check with physicians regarding respondent's condition; nor that she had given her consent in the premises by her affirmative answer to Question No. 11 in the application.

Moreover the evidence is undisputed regarding the fact that respondent, at the time of the insurance solicitation, had recovered from the attack of polio, although with the residual disability; and that her cause of action did not stem from sickness, but from an injury accidently sustained during the second 12-month term of the policies "renewable at the option of the Company."

■ The evidence though conflicting is substantial and supports the findings of the trial court that appellant's agents were advised by both respondent and her mother of respondent's residual disability, which necessitated a leg-brace and use of crutches, and that they saw a demonstration thereof; also, that the agents added the words "completely corrected" in partial answer to Question No. 9 of the application some time after respondent signed it.

■ The evidence also sustains the finding that the affirmative answer to Question No. 6 is not, or would not have been false in any part, had the true information been entered by way of explanation in the answer to Question No. 9, for obviously respondent was entitled to rely upon the representations by the agents that they would interview physicians who had attended respondent before filling in the answer to Question No. 9, and upon the correctness of such answer as it ultimately appeared in the application; hence the finding of the court that there was no collusion in the premises on respondent's part is fully sustained; nor was respondent under such circumstances obligated to make further report to appellant in regard to such information after her receipt of the policies.

Appellant contends that respondent's theory of her case countenances approval of acts of the agents beyond the scope of their authority, as shown by the agency contract between Mr. Vens and appellant, introduced as evidence. The material part of this contract, applicable herein, reads to the effect that no policy "shall be delivered unless the applicant is in good health." The evidence, while recognizing that appellant has the residual disability, in no wise impugned her good health as of the time of solicitation of the policies nor during the

17-months period from the time of issuance of the policies to the date of respondent's accidental personal injury. Nor is it contended that the agents violated the agency contract in representing that they would interview physicians who had treated respondent before completing the answer to Question No. 9. Nor can the contention attain that the agents violated the agency contract in filling in such answer as they did without interviewing the physicians, inasmuch as the question of respondent's "good health" was not in issue.

Nor can respondent be accused of false representation in the premises since she was entitled to believe that the answer to Question No. 9 not only conformed to her own view of her "good health," but was based upon information which the agents obtained from the physicians; also to believe, as the evidence shows, that the *disease* of "polio" was "completely corrected," although recognizing, as did both respondent and appellant's agents, that the physical residual persisted.

■ Even though the answer to Question No. 9, as written in the application, may have been false, as appellant asserts, respondent is not estopped to recover on the health policies, since the evidence fails to show that she had knowledge of any such asserted falsity, or that she made any false statement. Turner v. Pacific Mut. Life Ins. Co., 52 Idaho 672, 20 P.2d 210.

■ Appellant's agents had authority, by virtue of respondent's consent, to make the investigations which they represented they would make before filling in the answer to Question No. 9, and having so represented, clearly they possessed the apparent authority to complete the answer; and respondent in reliance thereon paid the required premiums. The fact that appellant, after the injury occurred, tendered the premiums paid cannot change the situation.

■ A principal will not be permitted to claim that its agent acted beyond his authority when such acts were within the apparent scope of the agent's authority, to the detriment of a third party, and to the benefit of the principal; in theory the principal becomes estopped to deny the agent's apparent authority. Texas Company v. Peacock, 77 Idaho 408, 293 P.2d 949; Manley v. Mac-Farland, 80 Idaho 312, 327 P.2d 758; White v. Doney, 82 Idaho 217, 351 P.2d 380.

■ The trial court having found on the issues on substantial though conflicting evidence, the findings and judgment based thereon will not be disturbed on appeal. I.C. § 13–219; White v. Ames Mining Company, 82 Idaho 71, 349 P.2d 550; Nelson v. Enders, 82 Idaho 285, 353 P.2d 401; Davis v. Davis, 82 Idaho 351, 353 P.2d 1079.

The judgment of the district court is affirmed.

Finally, appellant asserts error of the district court in entering the order after judg-

ment requiring appellant to pay $300 to respondent as a reasonable attorney's fee should she prevail upon the appeal. Appellant argues that I.C. § 41–1403 does not authorize the district court to award a fee for attorney representation upon appeal, contending that should respondent prevail, such an award can be granted only by the Supreme Court.

Respondent in support of the district court's order cites I.C. § 41–1403 which in part provides that in the event of failure to pay to the person entitled, the amount justly due under the insurance contract, the surety "shall, *in any action in any court* in this state for recovery under the terms of such policy, * * *, pay such further amount as the court shall adjudge reasonable as attorneys' fees in such action." (Emphasis supplied.)

In Penrose v. Commercial Travelers Insurance Company, 75 Idaho 524, 275 P.2d 969, 978, in discussing the purpose of Idaho Sess.Laws 1951, c. 289, now I.C. § 41–1403, we remarked:

"The statute in question provides that in any action in the courts of this state for the recovery under such an insurance policy insurer shall pay such further amount as the court shall adjudge reasonable as attorneys' fees unless there is no recovery."

In Lewis v. Snake River Mutual Fire Insurance Co., 82 Idaho 329, 353 P.2d

648, this Court under the authority of I.C. § 41–1403 allowed plaintiff an additional fee for attorney representation upon the appeal, pursuant to her motion. Clearly the Supreme Court is clothed with authority to fix a reasonable attorney's fee for representation upon an appeal unless it be determined that no amount is justly due under the insurance contract. This is true, simply because the phrase, "in any action in any court in this state," without definitive classification, includes the Supreme Court.

Statutes of Oregon and Nebraska although not worded to include all the courts within the purview of a single phrase, nevertheless separately and specifically provide for the allowance of attorneys' fees in both the trial court and the appellate court. See Nebraska Laws of 1919, c. 190, § 45, p. 604; Neb.R.S.1943, § 44–359; McCleneGhan v. London Guarantee & Accident Co., 132 Neb. 131, 271 N.W. 276; Gillan v. Equitable Life Assur. Soc., 142 Neb. 497, 6 N.W.2d 782; McNaught v. New York Life Ins. Co., 145 Neb. 694, 18 N.W.2d 56. See also Oregon Code 1930, § 46–134; Purcell v. Washington Fidelity Nat. Ins. Co., 146 Or. 475, 30 P.2d 742; also Oregon R.S. § 736.325; Brown v. Mutual Ben. Health and Accident Ass'n, 222 Or. 165, 352 P.2d 748.

Johnson v. Prudential Life Ins. Co., 120 Or. 353, 252 P. 556, 559, involved an early Oregon statute, Or.L. § 6355, which provided that in any action brought "in any courts

of this state" upon a policy of insurance, the plaintiff in addition to his recovery shall also be allowed recovery of such sum as the court shall adjudge to be reasonable as attorney's fee; the Court therein ruled:

"This court [Oregon Supreme Court] has held that an appeal is a separate procedure from the trial in the circuit court. [citation]. The attorney's fee provided by the statute is to be allowed as part of the costs and expenses of the litigation. [citation]. The circuit court cannot, in the absence of a statute authorizing it, allow or determine the costs and expenses of a trial in this court."

We therefore rule:

First: The district court lacked authority under the statute to award an attorney's fee to respondent for representation upon the appeal; Second: The authority to award an attorney's fee for representation upon the appeal rests with this Court contingent upon determination that an amount is justly due under the insurance contract; and Third: That the jurisdiction of this Court in the premises must be invoked by suitable pleading.

Appellant's specification of error in the premises is meritorious.

The order of the district court made after judgment allowing respondent an attorney's fee upon the appeal is reversed.

The record fails to disclose any motion filed by respondent for the allowance of an attorney's fee upon this appeal. Inasmuch as respondent has indicated her desire "to abide by this Court's decision concerning the method and procedure for awarding attorney fees upon appeal," we grant permission to respondent to file such a motion within ten days after the date of this opinion, with a countershowing and reply, if any there be, by appellant, to be filed within the time limitations of Supreme Court Rule 13.

Recognizing that the procedure should be clarified, as respondent suggests, we hold that the motion for allowance of attorney's fees in this Court under I.C. § 41–1403, should be made before or at the time of filing brief and that the opposing party be afforded opportunity to contest the same before rendition of opinion on the merits. Supreme Court Rule 56.

Costs to respondent.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.