290 P.2d 1087

The LAND DEVELOPMENT CORPORA-
TION, a Washington Corporation,
Plaintiff-Respondent,

v.

Dowd Roy CANNADAY, Defendant-
Appellant.

No. 8283.

Supreme Court of Idaho.

Dec. 8, 1955.

J. H. Felton and William J. Jones, Lewiston, for appellant.

Whitla & Knudson, Hawkins & Miller, Coeur d'Alene, for respondent.

SMITH, Justice.

Respondent, a Washington corporation, commenced this action July 16, 1952, to re-

cover judgment against appellant upon a promissory note dated December 3, 1948, in the principal sum of $15,500, due without interest one year after date; also for decree of foreclosure of a real property mortgage and a chattel mortgage given the same date as security for payment of the note, and for decree quieting the title to the real and personal properties mortgaged.

Appellant by his answer generally denied the allegations of respondent's complaint; then affirmatively alleged that respondent was a Washington corporation not authorized to do business in Idaho; that it was engaged in doing business in Idaho on the date of the promissory note and mortgages, and that said instruments were void under the provision of I.C. § 30–505.

This Court, in disposing of a former appeal, 74 Idaho 233, 258 P.2d 976, set aside a judgment of nonsuit on the ground that the evidence before the trial court failed to show that respondent was doing business in Idaho at the time of appellant's execution and delivery of the promissory note and mortgages to respondent in the State of Washington.

Trial in the first instance, to entry of the judgment of nonsuit, was had before Hon. Everett E. Hunt, a district judge of the eighth judicial district.

Upon remittitur appellant sought and obtained an ex parte order signed by Judge Hunt permitting appellant to file an amended answer and counterclaim, which he did, also without notice to respondent. Respondent, upon discovery thereof, promptly moved to strike such answer and counterclaim, setting forth as grounds therefor in effect that such amended answer and counterclaim was in contravention of the mandate of this Court set out in the previous decision, in that issue in this case had been joined upon respondent's complaint and appellant's answer thereto, upon which trial had proceeded through respondent's case-in-chief, and respondent had rested.

Hon. Clay V. Spear, also a district judge of the eighth judicial district, heard respondent's said motion to strike and thereupon he caused to be entered an order striking appellant's amended answer and counterclaim.

Trial thereupon went forward before Judge Spear. Respondent did not produce further evidence, but caused to be introduced in evidence a transcript of the proceedings and testimony had before Judge Hunt. Appellant then introduced evidence in support of his defenses, and having rested, respondent introduced evidence in rebuttal. The trial court in due time gave judgment in favor of respondent and decreed foreclosure of the mortgages, from which appellant perfected appeal.

Appellant contends that Judge Spear erred in assuming and maintaining jurisdiction in the case, since appellant objected at the time of resumption of the trial on the merits.

The assignment is not well taken. When respondent's motion to strike appel-

lant's amended answer and counterclaim came on for hearing, Judge Spear, who presided, stated:

"* * * is it agreeable with counsel * * * that Judge Hunt is not available *to hear the present motion or to try the matter on its merits* and therefore, that is the reason I am being substituted?" (Emphasis supplied.)

To that, one of appellant's counsel replied:

"I think either one of you,—either judge in this jurisdiction has jurisdiction of the case * * *. I don't want to oppose the jurisdiction of the Court if that is what you are asking."

The foregoing is in recognition of the equal and coextensive jurisdiction of Judges Hunt and Spear within the boundaries of the eighth judicial district. I.C. § 1–703.

Appellant's assignment of error, that the trial court erred in striking his amended answer and counterclaim, is not well taken.

■ The effect of the reversal of the judgment of nonsuit, upon disposition of the previous appeal, was to grant a new trial. Appellant, upon leave of court, then was entitled to amend his pleadings, provided that his amendments tendered any defense additional to his original answer; for that purpose a comparison of the two pleadings is in order.

Appellant, in both his original answer and amended answer, denies the material allegations of respondent's complaint; alleges that respondent, Washington corporation, was not authorized to do business in Idaho at the time of execution of the promissory note and securing mortgages, and that therefore, those instruments are void. Appellant, in his amended answer, in support of his general denial of any indebtedness owing by him to respondent on the secured promissory note, or otherwise, additionally alleges a contract of October 13, 1948, between appellant and a copartnership, respondent's predecessor, superseded by a later contract of November 22, 1948, between appellant and respondent. The counterclaim merely set out elements of damage based upon respondent's alleged violation of the contract.

■ The trial court's action, in striking appellant's amended answer and counterclaim, was proper because the amended answer fails to set forth any defense in addition to appellant's original answer; particularly, as will hereinafter be pointed out, the contract does not nor does any violation thereof by respondent, as asserted by appellant, absolve or tend to absolve appellant from the secured indebtedness set out in plaintiff's complaint; and the counterclaim, since it is made to depend upon respondent's alleged violation of the contract, does not state a defense.

The district judge, during trial of the case, allowed appellant wide latitude in his introduction of evidence, including both the contracts referred to in such amended answer. The terms of the two contracts are almost identical. The later contract,

dated November 22, 1948, between appellant and respondent, is the contract hereinafter referred to, since it superseded the one dated October 13, 1948, between appellant and respondent's predecessor.

Appellant contends that the contract provided for payment of the promissory note in a certain manner and not otherwise, i. e., in terms of building material. The contract provides that respondent pay appellant for "houses ordered and delivered," in three installments at times designated; then follows the proviso, which appellant urges, that in the event appellant be indebted to respondent, respondent shall withhold the payment of one-third due appellant, upon delivery of material, and credit such sum upon the indebtedness.

▇ Noteworthy, however, the parties, by such contract, set forth two classifications of appellant's contemplated indebtedness to respondent, i. e., (1), indebtedness occasioned by financial assistance that respondent, *at its option, may* furnish appellant for plant enlargement or additional plants; and (2), indebtedness occasioned by financial assistance that respondent furnish appellant secured by pledge of appellant's real and personal property "which said pledge is additional hereto [the contract] and separate herefrom." Thus, the parties contemplated *additional and separate* contracts relating to repayment of any secured indebtedness. Further, nothing is contained in appellant's promissory note nor in either the real or the chattel mort-

gage, indicating an intent of either appellant or respondent, that such loan transaction, thereby evidenced, be governed by said contract of November 22, 1948; rather, the promissory note sets forth appellant's specific promise to pay to the order of respondent one year after December 3, 1948, the sum of $15,500 lawful money of the United States.

▇ The foregoing also negatively answers respondent's contention that the contract required respondent to finance appellant in addition to the amount evidenced by appellant's secured promissory note; for any sum, if by respondent advanced for appellant's plant enlargement or additional plants, was provided by the contract to be at respondent's option and not otherwise.

▇ Next, appellant relies upon the contract to show that respondent was doing business in Idaho. He points to certain terms of the contract which provide in effect that respondent promote the sale of, and have the right to purchase, prefabricated log houses and appurtenances at appellant's net price f. o. b. factory in Idaho. The evidence however affirmatively shows without dispute that no transaction of sale and purchase between appellant and respondent ever was entered into or consummated under the contract or otherwise. The contract in that regard remained purely executory.

Appellant did not develop any further facts necessary to be regarded here, relat-

ing to respondent allegedly doing business in Idaho, nor except as are governed by the law of the case announced in disposition of the former appeal.

Appellant next asserts alterations of the mortgages, i. e., that they were executed in blank in Idaho and completed later in Washington; also, that the copy of the chattel mortgage attached to plaintiff's complaint, which did not have the date filled in, was at variance with the original filed instrument in that regard; and that the trial court should have permitted appellant to have amended his answer "to conform to the proof." In the first place appellant's answer of general denial of the material allegations of plaintiff's complaint, which set out the note haec verba and each mortgage by copy, admitted the genuineness and due execution of the note and the two mortgages. I.C. § 5–703; United States v. Alexander, 2 Idaho, Hasb., 386, 17 P. 746; C. I. T. Corporation v. Elliott, 66 Idaho 384, 159 P.2d 891. Secondly, the evidence is somewhat conflicting on this question of alterations, though substantial and competent to show that the instruments were fully completed December 3, 1948, at Tekoa, Whitman County, Washington, when then and there executed and delivered by appellant to respondent; also, that no alteration occurred of the original filed chattel mortgage. The findings of the trial court based upon conflicting evidence and supported by competent and substantial evidence will not be disturbed. Crouch v. Bischoff, 76

Idaho 216, 280 P.2d 419. Thirdly, appellant did not assert any plea of confession and avoidance as an affirmative defense in his original answer, nor attempt to assert it in his proposed amended answer. Generally, any defense in the nature of confession and avoidance must be affirmatively pleaded. Miller v. Donovan, 11 Idaho 545, 83 P. 608; Exchange State Bank v. Taber, 26 Idaho 723, 145 P. 1090; Stone v. Webster, 65 Idaho 392, 144 P.2d 466.

Appellant assigns error of the trial court in allowing interest. True, the note, during its term of one year, does not provide interest on principal sum; but on and after the due date moneys in the sum of the principal became due. The trial court properly allowed interest on such principal sum due, at the legal rate of six per cent per annum from and after December 3, 1949, the maturity date of the note. I.C. § 27–1904, subd. 2.

Appellant assigns error of the trial court in allowing an attorney fee. Such assignment is not well taken since the parties stipulated that the court may fix the amount of an attorneys fee, if allowed, without testimony relative to reasonableness; also, for the further reason that the court fixed the attorneys fee in the amount only as the parties had contracted in the instruments of mortgage.

Appellant assigns error of the trial court in refusing to reopen the case after all the evidence had been introduced, the

parties rested, and the matter submitted for decision. The affidavits which appellant filed in support of his motion to reopen disclosed an attempt to impeach one of respondent's witnesses, and had to do with the question of the alleged alteration of the instruments of mortgage, i. e., whether the instruments were completed after execution or at the time of execution. As hereinbefore pointed out, appellant admitted the genuineness and due execution of the instruments.

The judgment and decrees of the trial court are affirmed.

Costs to respondent.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.