464 F.2d 584
 Angelo Costillio ANTONIO, Appellant,
v.
O. W. BARNES, Assistant Superintendent Northside State Farm,
and H. P. Jackson, Assistant Superintendent
Southside State Farm, Appellees.
 No. 71-1055.
 United States Court of Appeals,
 Fourth Circuit.
 Argued March 9, 1972.
Decided May 8, 1972.
 
 Thomas B. Anderson, Jr., Durham, N.C. (Court-appointed) [Loflin, Anderson & Loflin, Durham, N.C., on brief], for appellant.
 William P. Robinson, Jr., Asst. Atty. Gen. of Va. (Andrew P. Miller, Atty. Gen. of Va., on brief), for appellees.
 Before WINTER, BUTZNER and FIELD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Angelo Costillio Antonio appeals from an order granting the defendants' motion for summary judgment. The case was initiated by Antonio's pro se pleading entitled "Petition For a Peremptory Writ of Mandamus" which the District Judge elected to treat as a complaint under 42 U.S.C. Sec. 1983. The complaint alleged that the solitary confinement quarters at the Virginia State Farm were unfit for human habitation and that the defendants as assistant superintendents of the Farm failed to furnish the plaintiff and other inmates confined therein articles necessary for their personal sanitation. The defendants' motion for summary judgment under Rule 56, F.R.Civ.P., was supported by their personal affidavits and upon the failure of the plaintiff to file any response, the District Court entered judgment in favor of the defendants.
 
 
 2
 The plaintiff contends that the affidavits filed in support of the summary motion failed to conform to Rule 56(e) which requires that such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Our examination of the affidavits persuades us that the challenge of their sufficiency is valid. While each affidavit states that the affiant is "competent to make this affidavit," there is no showing whatever that the statements therein were made on personal knowledge as required by the Rule. From the face of the affidavits, they might well be based on mere hearsay or, at best, reflect only a summary of the general routine prescribed for the institution. The absence of an affirmative showing of personal knowledge of specific facts vitiates the sufficiency of the affidavits and, accordingly, summary disposition based thereon was improper. Doza v. American National Insurance Company, 314 F.2d 230 (8 Cir. 1963); 3 Barron & Holtzoff, Federal Practice and Procedure Sec. 1237 (Wright ed. 1958). See also Arguelles v. U. S. Bulk Carriers, Inc., 408 F.2d 1065, 1068 (4 Cir. 1969).
 
 
 3
 We do not suggest that disposition of cases of this nature on summary motion is inappropriate, but the affidavits or other material supporting such a motion must measure up to the requirements of Rule 56.
 
 
 4
 Reversed.