**Hazel BURGOYNE et al., Plaintiffs,**

v.

**William L. LUKHARD et al., Defendants.**

**Civ. A. No. 430–72–R.**

United States District Court, E. D. Virginia, Richmond Division.

March 17, 1976.

George S. Newman, John M. Levy, Richmond, Va., for plaintiffs.

Stuart H. Dunn, Asst. Atty. Gen. of Va., William G. Broaddus, County Atty., Henrico County, John R. Hayes, Jr., Asst. City Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, who sue pursuant to 42 U.S.C. § 1983 on behalf of all recipients of public assistance in the State of Virginia, challenge the constitutionality of certain procedures relating to the administration of welfare programs. Plaintiffs seek declaratory and injunctive relief. Defendants include several state and local officials charged with administering the welfare programs in the State of Virginia. The matter is presently before the Court on plaintiffs' motion for permanent injunction and defendants' response thereto.

This action was originally filed for the primary purpose of challenging defendants' procedures for reducing, suspending or terminating public assistance of Virginia. The parties reached an agreement settling most of the specific issues, but continue to dispute whether due process mandated that a request for an appeal form be sent to a recipient with the advance notice of the proposed action. The Court denied cross-motions for summary judgment. Two members of the class subsequently moved to intervene and obtained preliminary relief enjoining defendants from effecting any recoupment from current public assistance grants of prior overpayments when the recipient lacks income or resources available in the amount of any such proposed reduction in said grants. Plaintiffs now move the Court to make permanent that prior injunction. Thus, there remain outstanding controversies relating to termination procedures and recoupment of overpayments.

■ Various termination procedures have been adopted by defendants during the pendency of this action. The procedure presently in use is set out in Commonwealth of Virginia Department of Welfare, A.D.C. Transmittal No. 18, *Amendments to A.D.C. Policy Manual*, January 2, 1975, and Commonwealth of Virginia Department of Welfare, Manual of Transmittal No. 68, *Amendments to Manual of Policy and Procedure*, January 2, 1975. Counsel for plaintiffs maintains that these new changes render this suit an inappropriate vehicle to test any issues which might possibly remain by virtue of the procedures now in effect. The Court will treat this representation as a motion for voluntary dismissal without prejudice, which will be granted.

■ The Court is additionally of the view that the claim concerning recoupment of overpayments should likewise be dismissed. With regard to this claim, plaintiffs sought to enjoin state officials from recouping prior overpayments from current public assistance grants when the recipient lacks income or resources available in the amount of the proposed reduction. Such recoupment had been authorized by the Department of Health, Education and Welfare pursuant to 45 C.F.R. § 233.20(a)(12), 38 Fed.Reg. 22610. This practice was declared invalid and litigation similar to the case at bar. *National Welfare Rights Organizations v. Weinberger*, 377 F.Supp. 861 (D.D.C. 1974). Subsequently, the regulation was amended to conform to the Court's order. See 45 C.F.R. § 233–20(a)(12)(i), 39 Fed.Reg. 2268–69 (June 21, 1974). The state, in conforming its procedures to HEW regulations as it must under 45 C.F.R. § 201.2 (1975), has likewise abandoned the challenged recoupment policy. Thus, the defendants have voluntarily discontinued the conduct complained of. Such voluntary cessation will render a controversy moot where injunctive relief is sought and there appears "no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303, 1309 (1953) quoting *United States v. Aluminum Company of America*, 148 F.2d 416, 448 (2d Cir. 1945).

This Court concludes that it is unlikely that defendants will reinstitute the recoupment procedures that plaintiffs allege were illegal. In order to qualify for

federal funds in this area, the state must administer its program in conformity with the regulations promulgated by HEW. Section 45 C.F.R. §§ 201.2, 233.20 (1975). One such regulation presently prohibits recoupment of overpayments unless the recipient is financially able to make such payment. 45 C.F.R. § 233.-20(a)(12)(i)(A)(1). Thus, defendants could not "repeat" the alleged wrongful conduct without jeopardizing federal funding, or unless HEW reamends its regulations. In either instance, plaintiffs would be free to return to the Court for relief. As the purpose of the preliminary injunction heretofore entered has been fulfilled, and the complained conduct has been discontinued and is unlikely to recur, the injunction will be dissolved and this aspect of the action will be dismissed without prejudice as being moot. See *DeFunis v. Odegaard*, 416 U.S. 312, 318, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164, 169 (1974); *Blackwell v. Thomas*, 476 F.2d 443 (4th Cir. 1973). See also 7A Moore's Federal Practice, § 65.07 (1974).

An appropriate order will issue.