John Charles STINNIE et al., Plaintiffs,

v.

Walther FIDLER et al., Defendants.

Gregory Blanton LUGAR, Plaintiff,

v.

Andrew WINSTON, Defendant.

Civ. A. Nos. 554–70–R and 518–72–R.

United States District Court,
E. D. Virginia,
Richmond Division.

May 24, 1977.

Philip J. Hirschkop, Alexandria, Va., American Civil Liberties, Union of Virginia Foundation, Richmond, Va., for plaintiffs.

Burnett Miller, III, Asst. Atty. Gen. of Va., Aubrey M. Davis, Commonwealth Atty., Richmond, Va., Richard L. Jones, Petersburg, Va., Jas. P. Downey, Asst. County Atty., Fairfax, Va., James R. Saul, Asst. City Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, representing a class of inmates of the jails maintained within the Commonwealth of Virginia by the respective subdivisions thereof, brought this action for declaratory and injunctive relief under 42 U.S.C. § 1983 to redress allegedly unconstitutional practices and conditions existing within the jails. Defendants include the class of persons charged with the supervision of the local jails and several state level officials. Jurisdiction was based on 28 U.S.C. § 1343(3). The matter comes before the Court on defendants' renewed motions for summary judgment and is now ripe for disposition.

This action was filed approximately 6½ years ago on October 15, 1970. It was consolidated with Civil Action No. 518–72–R on November 13, 1972. The issues have largely been resolved through the mutual efforts of the parties in the drafting of a set of "Rules and Regulations for the Administration of Local Jails and Lockups" (hereinafter the "Rules") which were adopted by the Virginia Board of Welfare and Institutions under date of February 19, 1974.[1] These Rules have the force of law pursuant to Va.Code Ann. § 53–133 (1974 Repl. Vol.). The Rules concern such matters as minimum requirements for housing, medical care, hygiene, mail and library policies, and access to attorneys and visitors. The parties have agreed and the Court is in accord with the conclusion that the Rules satisfy constitutional requirements.[2]

On September 14, 1976, the Court denied cross-motions for summary judgment and opinioned that, assuming said Rules were being observed by the defendant class, the action had become moot and further relief to the plaintiff class would be inappropriate. However, at that time, plaintiffs had alleged that the defendants were not in compliance with the Rules and sought further injunctive relief. Pursuant thereto, the Court directed the plaintiffs to submit

---

1. The Board of Welfare and Institutions has since been superseded by the Department of Corrections which is currently responsible for promulgating and enforcing regulations concerning the operation and maintenance of local jails. *See* Va.Code Ann. § 53–19.5 (1974 Repl. Vol.)

2. See previous Memorandum issued under date of September 14, 1976.

to the Court a statement specifying "(1) which of the defendants is allegedly operating a facility in violation of the Rules and Regulations for the Administration of Local Jails and Lockups; (2) the nature of any such alleged violation; and (3) the factual basis for such allegations." The defendants were then directed to file responses to such allegations where appropriate.[3]

In response to the Court's Order, plaintiffs filed a statement of allegations with supporting affidavits purporting to set out the types of noncompliance with the Rules or the "spirit" of the Rules at twelve separate defendant jail facilities.[4] Each of the appropriate defendants filed an answer denying those allegations with supporting affidavits and renewed their respective motions for summary judgment. The plaintiffs' allegations range from denials of due process in disciplinary proceedings to complaints of restrictions on access to radios or television.

▇ Rule 56(e), Federal Rules of Civil Procedure, regarding summary judgment, requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Affidavits submitted by plaintiffs in support of their statement of allegations, as well as the affidavits submitted by the twelve defendant facilities in support of their respective motions for summary judgment, fail to comport with the requirements of Rule 56(e). The affidavits submitted by the plaintiffs are in the nature of general assertions, and fail to contain a sufficient factual basis as required by this Court's

Order of September 14, 1976. The affidavits submitted by the defendants in response to the plaintiffs' allegations and in support of their motions for summary judgment, likewise do not establish that the statements made are based on personal knowledge as required by Rule 56(e), but rather, are in the nature of a summary of the general routines prescribed by each particular facility. The absence of affirmative showings of personal knowledge of specific facts from any of the parties makes summary judgment inappropriate relief. *Antonio v. Barnes*, 464 F.2d 584 (4th Cir. 1972).

▇ As this Court has previously stated, under date of September 14, 1976, "[t]he time to end this litigation has long since past." The substantial changes brought about in jail conditions as a result of the new Rules adopted during the pendency of this action render the issues herein moot. Individual instances of non-compliance with the Rules themselves, and with the constitutional mandates upon which the Rules are premised, would be remediable in this Court. The Court has concluded, however, that the instant suit is no longer an appropriate vehicle with which to remedy any such individual violations, by reason of the numerosity and ever-changing nature of the plaintiff class.[5] Accordingly, the action will be dismissed without prejudice as being moot. *See Preiser v. Newkirk*, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *DeFunis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *Cox v. Stanton*, 529 F.2d 47 (4 Cir. 1975); *Burgoyne v. Lukhard*, 410 F.Supp. 477 (E.D.Va.1976).[6]

The cooperation of all counsel involved in this case is commendable and something for which the Court is most appreciative.

An appropriate order will issue.

---

3. See Order of this Court issued under date of September 14, 1976.

4. Those facilities included the Amherst County Jail, Chesterfield County Jail, Danville City Jail, Danville Prison Farm, Franklin County Jail, Newport News City Jail, Page County Jail, Richmond City Jail, Tazewell County Jail, York County Jail, Lynchburg City Jail, and the Petersburg Detention Center.

5. Not only is this suit an inappropriate vehicle for such individual actions for non-compliance, but the Court's continued jurisdiction over this case may have the effect of lulling victims of non-compliance into the belief that their causes of actions are being actively litigated, therefore resulting in the thwarting of their efforts to bring notice of any such violations into an appropriate posture for judicial review.

6. *See also* Vol. 6A Moore's Federal Practice § 57.13 note 15.