693 P.2d 1080

**Olivia L. CAMP, Plaintiff-Respondent,**

v.

**Charles A. JIMINEZ, Defendant-Appellant.**

**No. 15020.**

Court of Appeals of Idaho.

Dec. 26, 1984.

James R. Michaud, Coeur d'Alene, for defendant-appellant.

Lynn J. Farnworth, Farnworth & Norton, Moscow, for plaintiff-respondent.

BURNETT, Judge.

In this case we examine a host of procedural and substantive attacks upon a summary judgment and upon awards of costs, attorney fees and prejudgment interest. The procedural issues focus upon the jurisdiction of a trial court while an appeal is pending, the propriety of entering summary judgment on a verified complaint and the effect of failure to verify a memorandum of costs. The substantive issues pertain to attorney fee awards under I.C. § 12–120(2) or § 12–121 and to the availability of prejudgment interest under I.C. § 28–22–104.

This appeal arises from a creditor's suit to collect a debt. The creditor, Olivia Camp, sued on a promissory note executed by the debtor, Charles Jiminez. The district court entered summary judgment for the balance due on the note, together with costs, attorney fees and prejudgment interest. The debtor has appealed. For reasons explained below we affirm the judgment and the awards, as modified.

## I

We turn first to the procedural questions. This case presents a convoluted history. The creditor brought this action upon a promissory note reciting an obligation of $50,000, to be paid in five annual installments of $10,000 each "without interest." The note contained no provision for accelerating the entire balance if the debtor defaulted on any installment, nor any provision for attorney fees if suit were filed on the note. This action was filed after a default on the fourth installment but before the fifth installment had become due. The complaint sought recovery of both unpaid installments. The district court entered a summary judgment for an amount equal to the fourth installment, plus prejudgment interest on that amount. The court subsequently awarded costs and attorney fees. The debtor then filed a notice of appeal from the award of costs and attorney fees.

While that appeal was pending, the fifth installment came due without payment. The district court entered a second summary judgment, entitled "Final Judgment and Costs," holding the creditor entitled to recover both unpaid installments, together with prejudgment interest on each installment. The judgment also reiterated the earlier award of costs and attorney fees but made no further award. The Supreme Court later dismissed the pending appeal from the award of costs and attorney fees, stating in the dismissal order that "this appeal is from a partial summary judgment not certified as final ...." The debtor then filed the instant appeal from the "Final Judgment and Costs."

## A

■ The debtor contends that the district court lacked jurisdiction to enter the "Final Judgment and Costs" because the appeal from the earlier award of costs and attorney fees was still pending, having not yet been dismissed by the Supreme Court. We disagree. The "Final Judgment and Costs," insofar as it related to the fourth installment and prejudgment interest on that amount, was unaffected by an appeal taken solely from an award of costs and attorney fees. The debtor has cited no authority, and we find none, holding that an appeal confined to costs and attorney fees stays the underlying judgment or further proceedings on other subject matter in the plaintiff's complaint.

■ At most, the appeal, if properly taken, could have stayed further proceedings within its narrow subject matter. Arguably, it could have stayed entry of that part of the "Final Judgment and Costs" which reiterated the earlier award of costs and attorney fees. But the appeal was not properly taken. The Supreme Court, in a ruling which now stands as the law of the case, held that the initial summary judgment was not a "final" judgment. Consequently, the award of costs and attorney fees was not an order made after final judgment from which an appeal could be taken under I.A.R. 11(a). This presumably is what the Supreme Court had in mind when it dismissed the appeal. An appeal taken from a nonappealable order does not divest the lower court of continuing jurisdiction in the case. *See Marks v. Vehlow*, 105 Idaho 560, 567, 671 P.2d 473, 480 (1983). Consequently, we reject the debtor's jurisdictional attack upon any part of the "Final Judgment and Costs."

## B

The debtor next contends that even if jurisdiction existed, the "Final Judgment and Costs" was defective because the initial summary judgment, which the "final" judgment adopted without change, was invalid. The debtor attacks the initial sum-

mary judgment because the creditor, when moving for the summary judgment, relied only upon her verified complaint, to which an answer had been filed, and did not submit any separate, supporting affidavit. (In contrast, the creditor's subsequent motion for the "final" summary judgment was supported by a separate affidavit; but the affidavit referred only to the fifth installment which had come due after the verified complaint was filed. It did not mention the fourth installment.) The debtor argues that a summary judgment on the fourth installment should not have been issued solely upon a verified complaint.

■■■ Rule 56(a) of the Idaho Rules of Civil Procedure provides that "[a] party seeking to recover upon a claim ... may, at any time after the expiration of twenty (20) days from the service of process upon the adverse party ... move *with or without supporting affidavits* for a summary judgment in his favor ...." (Emphasis added.) It is well settled that a summary judgment may be entered upon the pleadings alone if there appears to be no genuine issue of material fact. *See generally* 6 J. MOORE, W. TAGGART & J. WICKER, MOORE'S FEDERAL PRACTICE § 56.09 (2d ed. 1983). Moreover, a verified complaint may be presented to the court in support of a motion for summary judgment and it will be accorded the probative force of an affidavit if it meets the requirements of Rule 56(e). *See* 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2738, at 500–02 (2d ed. 1983). Rule 56(e), which is identical to its federal counterpart, provides that affidavits "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Here, the creditor's verified complaint alleged in pertinent part that a promissory note existed, as shown by a copy attached to the complaint; that the debtor had paid the first three installments on the note; that the debtor had not paid the fourth or fifth installment; and that the fourth installment was past due. The body of the complaint did not expressly recite that the allegations were made upon personal knowledge; neither did the verification section contain such a recitation. The verification simply stated under oath that the creditor "has read the Complaint and knows the contents thereof, and that the same are true as she verily believes."

■■ The debtor would have us hold that the lack of an express recitation of personal knowledge in the verified complaint disqualifies the pleading as an affidavit under Rule 56(e). We disagree. If noncompliance of an affidavit with Rule 56(e) is not brought to the lower court's attention by proper objection, it is waived. *E.g., Klingman v. National Indemnity Co.*, 317 F.2d 850 (7th Cir.1963). In our view, a similar rule logically would apply to a verified pleading urged in support of a motion for summary judgment. Thus, if the nonmoving party believes the court should disregard a verified pleading, for lack of conformity within Rule 56(e), a timely objection must be raised. No such objection appears in the record of this case. The initial summary judgment was contested below solely on the ground that the complaint referred to both the fourth and fifth installments on the note, the latter of which was not then past due. The verified complaint's asserted lack of conformity with Rule 56(e) has been waived.

■■ Our research suggests that today's opinion may be the first reported decision explicitly applying the waiver rule to a verified complaint. Consequently, in fairness to the debtor and his attorney, we think it appropriate to note a second reason for upholding the initial summary judgment. The verified complaint substantially complies with Rule 56(e).

We recognize that the generality of pleading allowed under modern rules of procedure often will take verified complaints outside the strictures of Rule 56(e). 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335, at 508 (1969). But not every complaint will fail to satisfy the rule.

It should be made clear that the policy of Rule 56(e) is to allow the affidavit to contain all evidentiary matter, which, if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimony.

6 (PART 2) J. MOORE & J. WICKER, MOORE'S FEDERAL PRACTICE § 56.-22[1], at 56–1321 to–1322 (1982). In this case, the pertinent allegations in the verified complaint—the existence of the promissory note and the fact that the creditor had, or had not, received certain payments—were not general or conclusory. They were narrow and concrete. They plainly were within the creditor's personal knowledge and her competence to testify as a witness.

In this respect the instant case is distinguishable from others disclosed by our research, where the courts have refused to give probative effect to verified pleadings or affidavits lacking express recitals that they contained matters within the affiants' personal knowledge. For example, in *Jameson v. Jameson*, 176 F.2d 58 (D.C.Cir. 1949), a federal appellate court held that an affidavit as to what the affiant "verily believes" does not satisfy Rule 56(e). However, the factual question in that case was whether a certain document had been entered in the official records of the court in a foreign country—a matter apparently not within the personal knowledge of the affiant. Similarly, in *Antonio v. Barnes*, 464 F.2d 584 (4th Cir.1972), another federal appellate court declined to ascribe probative value to affidavits which failed to state that their contents were based upon personal knowledge. The issues in that case pertained to certain administrative practices of a state penal institution. The court noted that "[f]rom the face of the affidavits, they might well be based on mere hearsay or, at best, reflect only a summary of the general routine prescribed for the institution." *Id.* at 585.

This case stands in stark contrast to those exemplified by *Jameson* and *Antonio*. It is obvious from the face of the verified complaint that the pertinent allega-

tions necessarily were within the personal knowledge and competence of the creditor. Although the verified complaint might have been drafted more artfully to comply with the letter of Rule 56(e), it substantially complied with the rule. Therefore, it was entitled to be treated as an affidavit in support of the motion for the initial summary judgment.

■ The complaint was countered only by a terse, unverified answer containing a general denial by the debtor's attorney. The answer alleged no facts and contained no statement that the denial was based upon the attorney's personal knowledge of facts in the case. Unsworn statements are entitled to no probative weight in passing on motions for summary judgment. *E.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Moreover, mere denials unaccompanied by facts admissible in evidence, and affidavits of counsel based upon hearsay rather than upon personal knowledge, are insufficient to raise genuine issues of fact. *Minnesota Mining and Manufacturing Co. v. United States Rubber Co.*, 279 F.2d 409 (4th Cir. 1960). *See also Dressler v. M V Sandpiper*, 331 F.2d 130 (2d Cir.1964), *cited with approval in Tri-State National Bank v. Western Gateway Storage Co.*, 92 Idaho 543, 546 n. 8, 447 P.2d 409, 412 n. 8 (1968).

Accordingly, we hold that the creditor's motion for the initial summary judgment, supported by a verified complaint in substantial compliance with Rule 56(e), and not countered by any pleading or affidavit cognizable under the rule, was properly granted. We reject the debtor's assertion that the initial summary judgment was invalid and rendered the "Final Judgment and Costs" defective.

### C

The debtor also has attacked the procedure by which costs and attorney fees were awarded following the initial summary judgment. Awards of costs are governed by I.R.C.P. 54(d)(5). The rule requires the party seeking the award to file a memorandum of costs, verified by oath, within ten

days after the entry of judgment. Attorney fees also may be awarded as costs pursuant to Rule 54(e)(5). This rule embodies a procedure similar to that found in Rule 54(d)(5), except that a memorandum containing a claim for attorney fees must include—or be accompanied by—an affidavit stating the basis and method of computing the fees claimed. The opposing party may object to a request for costs or attorney fees by moving to disallow them within ten days after the memorandum has been served. I.R.C.P. 54(d)(6) and 54(e)(6).

In this case, the creditor filed an unverified memorandum of costs and attorney fees. The debtor objected to the memorandum upon several grounds, arguing that the creditor was entitled to no fee award and that the amount requested was excessive, but saying nothing about the lack of verification. After a hearing, the district court granted the creditor additional time to file a memorandum containing a more detailed justification of the attorney fees sought. The creditor then filed a second, verified memorandum. The debtor then belatedly moved to disallow all costs and attorney fees because the original memorandum had not been verified. The district court denied the debtor's motion, awarding costs and granting attorney fees in an amount not now contested on appeal.

However, the debtor continues to urge that no award at all should have been made. He contends that failure to verify the original memorandum was jurisdictional and fatal to any award. In response, the creditor, noting that the debtor did not object to the original memorandum on this point until more than ten days had elapsed, argues that any objection to nonverification was waived. The issue, as the parties have framed it, seemingly turns upon two mutually exclusive jurisdictional defects.

█ The answer to this apparent dilemma lies in a comparative analysis of particular language employed in the applicable rules. As we have noted, Rule 54(d)(5) provides a time deadline for filing the cost memorandum and requires it to be verified. The rule further provides that "[f]ailure to

file such memorandum of costs within the period prescribed by this rule shall be a waiver of the right to costs." This language plainly prescribes waiver as the consequence of an untimely filing, but it does not explicitly impose the bar of waiver for failing to verify a memorandum. Concededly, the phrase "such memorandum" might be interpreted to mean a verified memorandum. But we think it unwise to postulate a jurisdictional consequence upon an isolated, ambiguous phrase. The rule as a whole should be considered, in relation to its companion rules.

Rule 54(e)(5) provides that "the claim for attorney fees as costs shall be supported by an affidavit of the attorney ...." However, it imposes no bar of waiver for failure to comply with this requirement. In contrast, Rule 54(d)(6) provides that failure to object to a memorandum of costs, within the time prescribed, "shall constitute a waiver of all objections to the costs claimed." Rule 54(e)(6) provides that any objection to allowance of attorney fees "shall be made in the same manner as an objection to costs as provided by Rule 54(d)(6)." Reading these rules together with Rule 56(d)(5), we hold that failure to verify a memorandum of costs, including attorney fees, renders it subject to timely objection but does not render it jurisdictionally defective.

█ Thus, the question in this case is narrowed to whether the objection to the lack of verification was timely. As mentioned above, the objection came after the district court had allowed a second, verified memorandum to be filed. Our Supreme Court has held that a district court, in its discretion, may extend the time for filing a memorandum of costs under Rule 54(d)(5). *Ada County Highway District v. Acarrequi*, 105 Idaho 873, 673 P.2d 1067 (1983). Consequently, the second memorandum was timely filed. It cured the verification defect in the first memorandum before the objection to nonverification was made. We conclude that the award of costs and attorney fees must be upheld.

## II

We now turn to substantive issues concerning the creditor's entitlement to attorney fees and prejudgment interest. Each will be discussed in turn.

## A

The creditor sought attorney fees under I.C. § 12-120(2). As noted earlier, the promissory note contained no provision relating to attorney fees. The debtor argued that no fees should be awarded under I.C. § 12-120(2) because the promissory note did not relate to a transaction for the sale or purchase of goods. The district court refrained from ruling on I.C. § 12-120(2) but awarded fees under I.C. § 12-121. The court found in a memorandum decision, issued after the initial summary judgment, that no genuine controversy had existed regarding the obligation owed on the fourth installment. The court concluded that the action had been defended frivolously within the meaning of I.R.C.P. 54(e)(1).

■ On appeal the debtor maintains that the creditor was not a prevailing party in the initial summary judgment because that judgment did not grant the creditor any relief with respect to the fifth installment. However, as mentioned earlier in this opinion, when the district court entered the "Final Judgment and Costs," embracing both unpaid installments, it reiterated the same award of costs and attorney fees. We deem it clear that the creditor was, by that time, the prevailing party. Consequently, we need not tarry over the question whether she was a prevailing party when the initial summary judgment was entered.

■ The next question is whether the action was defended frivolously. We will not overturn a district court's determination in this regard absent an abuse of discretion. *E.g., Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982). However, the court must consider all relevant factors in exercising sound discretion. Here, the court focused its finding upon the debtor's apparently groundless denial of the creditor's substantive right to collect on the promissory note. The court made no finding as to whether the debtor's procedural defenses—relating to jurisdiction while an appeal was pending and the propriety of entering summary judgment upon a motion supported only by a verified complaint—had been advanced frivolously, unreasonably or without foundation. We believe the court's focus was unduly narrow. When procedural defenses raise genuine questions concerning the court's jurisdiction or the propriety of granting relief upon the record then before the court, we believe such defenses cannot be deemed frivolous, unreasonable or without foundation.

In today's opinion, we have considered the questions of jurisdiction and the propriety of entering the initial summary judgment upon a verified complaint. We have ruled adversely to the debtor on these issues. Nevertheless, each issue was fairly debatable and was not governed by settled law when the initial summary judgment and "Final Judgment and Costs" were entered. Consequently, the award of attorney fees cannot be sustained under I.C. § 12-121. We disapprove the award under this statute.

■ However, that is not the end of our inquiry. Where an order is correct, but has been entered upon an erroneous theory, it will be upheld upon the proper theory. *E.g., Duthie v. Lewiston Gun Club,* 104 Idaho 751, 663 P.2d 287 (1983). Here, the question of attorney fees is not controlled exclusively by I.C. § 12-121. The award of attorney fees also could have been made under I.C. § 12-120(2). The statute provides as follows:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

There has been some uncertainty among Idaho trial judges as to whether awards under this statute are limited in all instances to cases involving transactions for the purchase or sale of goods. This case involves a note apparently unrelated to any such transaction.

However, in a case recently decided by our court, *Boise Truck & Equipment, Inc. v. Hafer Logging, Inc.*, 107 Idaho 824, 693 P.2d 470 (Ct.App.1984), we held that an action to recover on an open account was governed by the statute regardless of whether it related to the purchase or sale of goods. In *Boise Truck* we confronted an argument, also made here, that the Legislature intended to limit I.C. § 12–120(2) to cases arising from purchases or sales of goods. However, we held that the plain language of the statute itself indicated otherwise and we noted that our Supreme Court, in *Torix v. Allred*, 100 Idaho 905, 606 P.2d 1334 (1980), had awarded attorney fees in an action on an open account without determining whether the action was related primarily to the purchase or sale of goods as opposed to the provision of services. We concluded that the *Torix* decision represented an implicit determination by our Supreme Court that the distinction between transactions in goods and other types of transactions does not apply to an action on open account.

■ An obligation on a promissory note, like an obligation on an open account, is one of the enumerated causes of action under I.C. § 12–120(2) which need not relate to the purchase or sale of goods in order to invoke an attorney fee award. Accordingly, we uphold the award in this case, albeit upon a theory different from that employed by the district court.

**B**

■ Finally, we consider the debtor's contention that the creditor was entitled to no prejudgment interest because the promissory note stated that annual installments would be paid "without interest." This issue is governed by our Supreme Court's decision in *Land Development Corp. v. Cannaday*, 77 Idaho 237, 290 P.2d 1087 (1955). In that case the Court said:

> Appellant assigns error of the trial court in allowing interest. True, the note, during its term of one year, does not provide interest on principal sum; but on and after the due date moneys in the sum of the principal became due. The trial court properly allowed interest on such principal sum due, at the legal rate ... from and after ... the maturity date of the note.

*Id.* at 243, 290 P.2d at 1091. We recently applied the rule of *Cannaday* in *International Business Machines Corp. v. Lawhorn*, 106 Idaho 194, 677 P.2d 507 (Ct.App. 1984). There we upheld an award of prejudgment interest on money that had come due under a "no interest" contract. We explained:

> The *Cannaday* rule comports with common sense. A lender who agrees that money may be used interest-free has not thereby consented to forego interest after authority to use the money has expired. Such expiration occurs upon the due date of the note or loan agreement. Idaho Code § 28–22–104 prescribes the legal rate of interest on "[m]oney after the same becomes due," absent an express written contract fixing a different rate.

*Id.* at 198, 677 P.2d at 511.

Accordingly, we uphold the district court's award of interest under I.C. § 28–22–104 on the fourth and fifth installments after they became due. However, we note that the district court specified an interest rate of 18%. In this respect, we believe the court erred. The statute distinguishes between interest on "[m]oney after the same becomes due" and "money due on the judgment of any competent court or tribunal ...." Interest on "money after the same becomes due" accrues at the rate of 12% while "interest on money due on [a] judgment" accrues at 18%. We hold that 12% is the rate applicable to the unpaid installments from the time they became due until they were reduced to judgment. Our holding is consistent with the result reached in

*Lawhorn,* where we sustained a prejudgment interest award of 12%, although the interest rate was not specified in our opinion. *See also Thompson v. Kirsch,* 106 Idaho 177, 677 P.2d 490 (Ct.App.1984) (applying nonjudgment legal rate to obligations owed but not yet adjudicated, and judgment rate to such obligations after adjudication).

 Thus, the fourth installment should accrue interest at 12% until the initial summary judgment was entered, and 18% thereafter. The fifth installment should accrue interest at 12% until the "Final Judgment and Costs" was entered, and 18% thereafter. Of course, no prejudgment interest would accrue upon the award of costs and attorney fees. The award simply bears the judgment rate of interest from its effective date. Consistent with our decision to uphold the award as set forth in the "Final Judgment and Costs," rather than as initially announced in the memorandum decision, the effective date should be deemed that of the final judgment.

The district court is instructed to modify the judgment, in accord with these directions, and the case is remanded for this purpose. The judgment, as modified, is affirmed. Considering all the issues raised and decided today, we conclude that the creditor is the prevailing party on appeal. Accordingly, we award her costs on appeal and attorney fees under I.C. § 12–120(2).

WALTERS, C.J., and SWANSTROM, J., concur.