733 P.2d 827

**William H. MURR and Marjorie Murr, husband and wife, Plaintiffs-Appellants,**

v.

**Leif ODMARK, Defendant-Respondent,**

and

**Selag Corporation, aka Selag Development Co., a Delaware corporation, Seafirst Mortgage Corporation, a corporation, and Donald A. Aslett and Barbara Aslett, Defendants.**

No. 15843.

Court of Appeals of Idaho.

March 2, 1987.

Jon J. Shindurling of May, May, Sudweeks, Shindurling, Stubbs & Mitchell, Twin Falls, for plaintiffs-appellants.

E. Lee Schlender, Ketchum for defendant-respondent.

WALTERS, Chief Judge.

This is an appeal from an award of attorney fees under I.C. § 12–121. We vacate the award and remand the issue for redetermination.

The appellants, William and Marjorie Murr, filed suit against Selag Corporation, Seafirst Mortgage Corporation and Donald and Barbara Aslett, to rescind a land sale transaction. The Murrs alleged that they had contracted to purchase 5.64 acres but after the property had been conveyed to them a survey disclosed the parcel contained only 5.24 acres. The Murrs moved for summary judgment. A district judge denied the motion. The judge expressed concern over "the unlitigated matter of the adjacent and allegedly 'encroaching' property of Leif Odmark" containing the missing .4 acre. The court stated:

> [W]hat of Leif Odmark's property? Whether the Odmark property truly encroaches so as to reduce the acreage of [the parcel purchased by the Murrs] seems an issue which must be determined prior to any decision concerning the exact size of [the parcel]. If not directly one in front of the other, the exact positioning of the cart and the horse in this case is at least in question, sufficiently so as to preclude any kind of a Rule 56 judgment at this time.

■ Consequently, the Murrs amended their complaint to assert a claim against Leif Odmark. They alleged:

> 33. Plaintiffs are the owners of the real property described in attached Exhibit "A" located in Blaine County Idaho.
>
> 34. That the defendants Leif Odmark and Judith C. Odmark, Husband and Wife, own the real property described in attached Exhibit "B". Said defendants claim an interest and estate in said real property adverse to the plaintiffs based on an encroachment from their adjacent property described in attached Exhibit "B".
>
> 35. That defendants Odmarks claims are without any right whatever, and defendants Odmark have no right, stake, title, lien or interest in or to the property or any part thereof.

> 36. That defendant Odmarks claim some estate right, title, lien or interest in and to said property adverse to the plaintiff's title and that said claim or claims constitutes a cloud on plaintiff's title to said property.
>
> WHEREFORE, plaintiffs pray judgment against the defendants as follows:
>
> . . . .
>
> 8. That the defendants Odmark and all persons claiming under them, be required to set forth the nature of their claims to said real property; that all adverse claims to said real property be determined by a decree of this court; and that said decree declare and adjudge the plaintiffs the owners in fee simple of the real property described in attached Exhibit "A" and that they are entitled to the quiet and peaceful possession of said real property and that the defendants Odmark and each of them and all persons claiming under them have no estate, right, title, lien or interest in and to said real property or any part thereof; and that said decree permanently enjoined defendants Odmark and each of them and all persons claiming under them, from asserting any adverse claim to plaintiff's title to said real property described in attached Exhibit "A".

It was later determined that the Murr-Selag transaction did not include the .4 acre owned by Leif Odmark. Summary judgment was entered in favor of Odmark, dismissing him from the action. The court also awarded attorney fees to Odmark under I.C. § 12–121. The court ruled:

> 1. That the Complaint filed by Plaintiffs William H. Murr and Marjorie Murr against Defendants Odmark was in every respect, unreasonable and without foundation as supported by all matters of record herein. It appears without controversy as per the allegations of the Complaint against Odmark that Plaintiffs therein denied having an ownership or claim against the Defendants' real property, affirmed by the affidavits of James Koontz, engineer for said Plaintiffs, also filed in this action. *While the Plaintiffs could properly plead alternative causes of action against Defend-*

*ants Odmark, they could neither prove nor plead alternative and contradictory facts.* Therefore, it is the finding of this Court that the Complaint filed against the Defendants Odmark did not state a cause of action but in fact, refuted a claim against that particular defendant. The Court further finds that the Answer to the Complaint filed on behalf of Defendants Odmark, gave clear notice to Plaintiffs Murr that no cause of action was stated thereby and that Odmark would look to these Plaintiffs for an award of attorneys' fees and costs in the event the action continued to be prosecuted. Thereafter, the action was in fact prosecuted for approximately one year thereafter.[1] [Emphasis added.]

The order awarding attorney fees was certified as a final judgment under I.R.C.P. 54(a), and the Murrs appealed.

As best we can determine from the court's order granting fees to Odmark, the court concluded that the Murrs' action against Odmark was unreasonable and without foundation because that particular count contradicted other counts in the complaint alleging that the remaining defendants had not conveyed to the Murrs the full amount of acreage bargained for. We believe this conclusion was erroneous.

■ Rule 8, I.R.C.P., governs the content of pleadings. Rule 8(e)(2) specifically allows a party to assert as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds or both. This rule is virtually identical to Federal Rule of Civil Procedure 8(e)(2). Under the federal rule it is well-established that a party may plead alternative and inconsistent facts and remedies against several parties without being barred by the election of remedies doctrine. *See, e.g., Allstate Ins. Co. v. James,* 779 F.2d 1536 (11th Cir.1986); *Guy James Const. Co. v. Trinity Industries, Inc.,* 644 F.2d 525 (5th Cir.1981); *Babcock & Wilcox Co. v. Parsons Corp.,* 430 F.2d 531 (8th

Cir.1970); *Mitchell v. Penton/Industrial Publishing Co.,* 486 F.Supp. 22 (N.D. Ohio 1979). *See also* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1283 (1969); 2A J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 8.32 (1986). The right to plead alternative or inconsistent facts under Rule 8 does not include a right to plead a set of facts known to be untrue. Both federal Rule 11(a)(1) and Idaho's Rule 11(a)(1) provide that when an attorney signs a pleading, he certifies that "to the best of his knowledge, information, and belief there is good ground to support it...." Therefore, Rule 8 allows the pleading of differing facts only when there is good faith doubt as to which set of facts ultimately will be found upon the evidence adduced at trial. We find nothing in the record before us that would indicate a violation of Rule 11(a)(1). Accordingly, we hold that it was inappropriate to award attorney fees under I.C. § 12–121 *solely* on the basis of pleading "alternative and contradictory facts."

■ Although the award of fees is within the trial court's sound discretion, *Camp v. Jiminez,* 107 Idaho 878, 693 P.2d 1080 (Ct.App.1984), "[w]hen a judge improperly exercises discretion due to a legal error, the appellate remedy ordinarily is not to usurp the judge's authority by exercising such discretion ourselves. Rather, it is to remand the case for reconsideration in light of the correct legal standard." *Evans v. Sawtooth Partners,* 111 Idaho 381, 387, 723 P.2d 925, 931 (Ct.App.1986). We therefore remand this case for a determination of the fee award on a correct legal basis. Costs to appellants. No fees on appeal.

BURNETT and SWANSTROM, JJ., concur.

---

**1.** We note that the court's order allowing fees to Odmark is drafted on stationery of Odmark's attorney. It appears that the order was drafted by the attorney and signed by the judge. When an order, such as this one, ostensibly contains the court's reasoning and findings, it should be prepared by the court, not by the prevailing party. *Compton v. Gilmore,* 98 Idaho 190, 560 P.2d 861 (1977).